## HENRY BISSELL vs. EDWARD H. DAVISON ET AL.

First Judicial District, Hartford, October Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Pursuant to the authority conferred by §§ 2137 and 2197 of the General Statutes, the school committee of New Britain passed a vote excluding from the public schools of the town after a certain date, all children who had not been properly vaccinated. The plaintiff's son had not been vaccinated, and was on that account refused admittance to one of the public schools of the town. Upon mandamus to compel the school committee to permit the plaintiff's son to attend school, it was held : —

1. That the law in question was not in violation of the fourteenth amendment to the Constitution of the United States, as an abridgment of the privileges or immunities of citizens of the United States; that it did not violate the provision in that amendment and in the Constitution of this State, which prescribes that no person shall be deprived of his liberty or property without due process of law; nor did it deny to the petitioner the equal protection of the laws.

2. That the provisions of the statute were but a reasonable exercise of the police power of the State, and that the validity of the action taken by the school committee did not depend upon the actual existence of small pox in the town, nor upon a reasonable apprehension of an epidemic of that disease.

Education is not so much a technical right possessed by a child or his par-
ents, as a privilege or advantage granted by the State to be used or
enjoyed upon such reasonable terms and conditions as the law-making
power, within constitutional limits, may see fit to impose.

[Argued October 3d—decided December 1st, 1894.]

PETITION for a writ of mandamus, brought to the Supe-
rior Court in Hartford County, and tried to the court, *Shum-
way, J.,* upon the petitioner's demurrer to the respondents'
return; the court overruled the demurrer and held the return
sufficient, and the plaintiff appealed. *No error.*

The case is sufficiently stated in the opinion.

*Joseph L. Barbour* and *George W. Andrew,* for the appel-
lant (petitioner).

I. The vote was not warranted by law, nor was the reason
assigned by the committee a valid reason for the exclusion
of the plaintiff's son.

It does not appear that there was a single case of small
pox in the town, nor that an epidemic of that disease was
likely. *Trustees of Schools* v. *The People,* 87 Ill., 303 ; *Mor-
row* v. *Wood,* 35 Wis., 59.

II. The vote and § 2137 of the General Statutes are in
contravention of Art. I., § 1 of the Constitution of this State.

If only vaccinated children can attend the public schools
then the guarantee of equal rights by the Constitution is
violated in this, that certain valuable privileges are allowed
to some members of the community, while others, through
no fault of their own, are deprived of the same privileges.

Section 2118 of the General Statutes provides that the
public schools shall be open to all children over four years
of age. Section 2102 makes it the duty of all parents and
guardians to send the child or children under their control
to some school for a certain period in each year. Sec-
tion 2103 provides that each week's failure to comply with
the provisions of the preceding section shall be a distinct
offense, punishable with a fine not exceeding five dollars.

Thus we meet with "a conflict of laws." The statute

says that the public schools shall be open to all over a certain age, and that the parent or guardian refusing to send children to school is liable to a fine of five dollars a week for non-compliance with the law. If the parent or guardian believes that vaccination is not proper treatment for the child or children under his control, and the school committee choose to direct the superintendent to refuse admission to the unvaccinated children, then such children, through no fault of their own, but merely because they comply with the requirements of those who have control over them, are in consequence deprived of an education; and the parents, provided they are unable to send their children to a private school, are rendered liable to a fine, not because of their unwillingness or refusal to send their children to school, but because of an honest disbelief in the efficacy of vaccination and a refusal to expose their children to the danger of blood poisoning.

III. The vote violates the constitutional guaranty that no person shall be deprived of his life, liberty, or property without due process of law, as well as that which affords to all the equal protection of the laws.

To deprive a citizen of the benefit of the public schools for which he has paid, is to deprive him of the privileges and immunities guaranteed to him by the Constitution of the United States and of this State. The advantage or benefit vouchsafed to each child, of attending a public school, is one derived and secured to it under the highest sanction of positive law. It is therefore a right, a legal right, as distinctively so as the vested right in property owned is a legal right, and as such it is protected, and is entitled to be protected by all the guarantees by which other legal rights are protected and secured to the possessor. *Ward* v. *Flood,* 48 Cal., 36 ; *Perkins* v. *Board of Directors, etc.,* 56 Iowa, 476.

It does not avail to say that the statute in question authorizes the action of the school committee and that therefore they are acting by due process of law. " The phrase, ' due process of law,' means more than a special act passed for the very purpose of authorizing the deprivation ; it means the

general law in its regular course of administration through the courts of justice ; a law which hears before it condemns, proceeds upon inquiry, and renders judgment only on trial." 3 Am. and Eng. Encyclopedia, 714 ; 16 id., 806 ; *County of San Mateo* v. *Southern Pacific R. R. Co.*, 13 Fed. Rep., 751; *Chicago* v. *Minn.*, 134 U. S., 418 ; *People* v. *Supervisors*, 70 N. Y., 234 ; *Jeck* v. *Anderson*, 57 Cal., 251 ; *Mead* v. *Larkin*, 66 Ala., 87 : *Vardin* v. *Mount*, 78 Ky., 86 ; *Stuart* v. *Palmer*, 74 N. Y., 183 ; *Zeigler* v. *S. & N. A. R. Co.*, 58 Ala., 579 ; *Yick Wo* v. *Hopkins*, 118 U. S., 356.

IV. The statute is not within the police power of the State. The law cannot fairly be said to be a police regulation. *In re Tie Loy*, 26 Fed. Rep., 614. Moreover the police power is not above and beyond the Constitution. *Powell* v. *Penn.*, 127 U. S., 678 ; *Mugler* v. *Kansas City*, 123 id., 663 ; *People* v. *Gibson*, 109 N. Y. 400 ; *In re Jacobs*, 98 id., 108, 110, 112 ; *People* v. *Marx*, 99 id., 386 ; *Toledo etc. R. R. Co.* v. *Jacksonville*, 67 Ill., 37 ; 18 Amer. & Eng. Ency. of Law, 746.

*Frank L. Hungerford* and *Philip J. Markley*, for the appellees (respondents).

I. If the statute which warrants the vote attacked is constitutional, then of course the vote is " warranted by law."

The Constitution of this State is a mere limitation of the powers of the legislature. Nothing should be regarded as prohibited which is not so, either expressly or by a fair and reasonable implication. *Lowrey* v. *Gridley*, 30 Conn., 450, 458 ; *Wheeler's Appeal from Probate*, 45 id., 315. The legislature is the sole judge of the justice and policy of its own acts. *Trustees* v. *Rider*, 13 Conn., 103 ; *State* v. *Brennan's Liquors*, 25 id., 288 ; Cooley on Const. Lim., 159. A legislative act will not be declared unconstitutional unless that fact clearly appears. *Hartford Bridge Co.* v. *Ferry Company*, 29 Conn., 227 ; *White v. Stamford*, 37 id., 587 ; *Lothrop* v. *Stedman*, 42 id., 588.

There is (*a*) nothing in our Constitution which expressly, or by fair implication, prohibits legislation such as is em-

bodied in the Act in question; (b) the necessity of the vaccination or non-vaccination of school children is a matter the policy and wisdom of which lies peculiarly within the province of the General Assembly; and (c) there is no such clear repugnancy in the Act to constitutional provisions as to call for a nullification on the part of the judicial department of the government of the acts of the legislative branch.

Again, it may be remarked that, while education is a fundamental privilege, it is not a right; public schools are instituted by the legislature and sustained by public money, and they may and should be regulated by the power that created them. *Crandall* v. *State*, 10 Conn., 347.

Whatever else may be said, it cannot be justly charged that the Act authorizing the board of school visitors to re· quire that every child shall be vaccinated before being permitted to attend any public school, makes for any inequality of right or privilege among school children. On the contrary, the objection of this petitioner to the Act is based upon its breadth and comprehensiveness. It affects *his* child as it affects every other child of proper age to attend the public schools in New Britain. It is not confined to children of any race or color or locality or religion; it makes no distinction between children of the rich and poor, but all alike are affected by it in precisely the same way.

II. The vote is not in violation of that provision of the Constitution of this State which guarantees that no person shall be deprived of his life, liberty, or property without due process of law. *Barbier* v. *Connolly*, 113 U. S., 31; Miller's Constitution of U. S., 664; *Soon Hing* v. *Crowley*, 113 U. S., 703; *Leeper* v. *Texas*, 139 id., 462.

III. The last ground of demurrer is that the vote was a violation of the fourteenth amendment of the Constitution of the United States, which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of a citizen of the United States.

The privileges and immunities referred to here are the privileges and immunities arising out of the nature and es-

sential character of the national government, and granted
or secured by the Constitution of the United States. Miller
on the Constitution, 663; *In re Kemmler*, 136 U. S., 436,
438; *Slaughter House Cases*, 16 Wall., 36.

The amendment does not prevent a State from framing
such laws to regulate the privileges and immunities of its
own citizens as do not abridge their privileges and immuni-
ties as citizens of the United States. Miller on the Consti-
tution, 662; *Presser* v. *Illinois*, 116 U. S., 252; *People* v.
*Gallagher*, 93 N. Y., 438; *Abeel* v. *Clark*, 84 Cal., 226;
Cooley's Constitutional Lim., 397.

In conclusion, it may be said that the act we have been
considering is a valid exercise of the police power of the
legislature, and upon that ground is perfectly defensible.
To attack it upon the ground of unconstitutionalty is to
misconceive the true spirit of the act and the ground of its
justification. The fourteenth amendment did not, and was
not intended, to impair the police powers of the State.
*Barbier* v. *Connolly*, 113 U. S., 31; *Powell* v. *Pennsylvania*,
127 id., 683.

TORRANCE, J. On the 10th of March, 1894, the school
committee of the town of New Britain passed the following
vote: " That every pupil attending the public schools shall,
at or before the beginning of the school term of this year,
present to their teachers satisfactory evidence of vaccination
before he or she shall be allowed to attend school, and here-
after every pupil upon entering school shall conform to this
requirement. That after the beginning of the spring term
of this year all pupils shall be excluded from the schools
unless they have been properly vaccinated, and it shall be
the duty of the superintendent to see that this order shall
be enforced. Free vaccination shall be provided for all
those unable to pay for the same."

Under the provisions of this vote the plaintiff's minor son,
a pupil in the high school of New Britain, was excluded
from said school, solely because he refused and neglected to
be vaccinated.

Upon the application of the plaintiff, the Superior Court issued an alternative writ of mandamus to the school committee of New Britain, in substance requiring them to admit said minor as a pupil in the high school, or to show cause to the contrary to said court. In their return to this writ the school committee gave, in substance, as their reasons for excluding said minor from the high school, the fact of the existence of said vote, and the further fact that the minor neglected and refused to comply with its terms. To this return the plaintiff demurred upon the ground, first that the vote was not warranted by law; second because it is in violation of the Constitution of this State; and third because it is in violation of the fourteenth amendment to the Constitution of the United States. The Superior Court held the return to be sufficient and overruled the demurrer, and the action of the court in so doing is the sole error assigned on this appeal.

Under the provisions of §§ 2137 and 2197 of the General Statutes, the school committee of New Britain is invested with the power to require that every child shall be vaccinated before being permitted to attend the public schools. The vote in question was passed in pursuance of the power so given. It is one way of exercising that power, and, so far as we can now see, it was an unobjectionable way of exercising it. If, then, the statute conferring this power upon the committee is a valid one, it would seem that the vote was warranted by law.

But the plaintiff urges that the vote was not warranted by law, because at the time it was passed, "it does not appear that there was a single case of small pox in the town of New Britain, nor any indication that an epidemic of that disease was likely to present itself." This claim assumes that the power in question cannot be exercised by the school committee, unless at the time of its exercise one or more cases of small pox exist in town, or an epidemic of the disease is reasonably to be apprehended. But the statute conferring the power has imposed no such conditions upon its exercise, and we see no good reasons why any such condi-

tions should be implied. We think the vote was clearly warranted by law, provided the statute in question is a valid one, which is the next point to be considered.

This proceeding may be regarded either as one brought to vindicate some right of the plaintiff, or some right of his minor son. The right, as it is called, to attend the public school is one belonging to the minor, and not to the plaintiff, and should properly be vindicated in a proceeding brought by or on behalf of the minor. *Stephenson* v. *Hall*, 14 Barb., 222; *Spear* v. *Cummings*, 23 Pick., 224; *Donahoe* v. *Richards*, 38 Me., 376. On the other hand the plaintiff is the natural guardian of the minor, charged by law with the duty of sending him to school, and, to enable him to perform that duty, is perhaps entitled on his own behalf to bring a proceeding of this kind. *People* v. *Board of Education of Detroit*, 18 Mich., 400. In discussing the validity of the statute, it will perhaps make the discussion briefer and clearer if we treat the proceeding, as was done in the argument, as if it were brought to vindicate the right of the minor to attend the public school.

The plaintiff contends that the statute conferring the power to require vaccination as a condition of admittance to, or attendance at, the public schools, violates certain provisions of the Constitution of this State, and of the fourteenth amendment to the National Constitution. He says in effect that it allows the privileges of the common schools to those who believe in vaccination, and denies it to those who do not; that it deprives him of his rights without due course or process of law, and denies to him the equal protection of the laws.

These objections to the validity of the statute, and the reasons and arguments urged in support of them, seem to proceed upon a misconception or misapprehension of the real nature and object of the statute. The statute in question forms a part of the laws relating to our common school system, and must be read as a part of those laws. The duty of providing for the education of the children within its limits, through the support and maintenance of public schools, has always been regarded in this State in the light of a

governmental duty resting upon the sovereign State. It is a duty not imposed by constitutional provision, but has always been assumed by the State; not only because the education of youth is a matter of great public utility, but also and chiefly because it is one of great public necessity for the protection and welfare of the State itself. In the performance of this duty, the State maintains and supports at great expense, and with an ever watchful solicitude, public schools throughout its territory, and secures to its youth the privilege of attendance therein. This is a privilege or advantage, rather than a right in the strict technical sense of the term. This privilege is granted, and is to be enjoyed upon such terms and under such reasonable conditions and restrictions, as the law-making power, within constitutional limits, may see fit to impose ; and, within those limits, the question what terms, conditions, and restrictions will best subserve the end sought in the establishment and maintenance of public schools, is a question solely for the legislature and not for the courts. The statute in question authorizes the committee to impose vaccination as one of those conditions. It does not authorize or compel compulsory vaccination; it simply requires vaccination as one of the conditions of the privilege of attending the public school. Its object is to promote the usefulness and efficiency of the schools by caring for the health of the scholars. It is of the same general nature as the power given in the same section to exclude from the schools children of school age, under the age of five years, whenever in the judgment of the board or committee the interests of the school will be thereby promoted. The statute is essentially a police regulation, as much so as would be one giving the power to exclude temporarily scholars afflicted with infectious or contagious diseases, or coming from homes or districts where such diseases were prevalent.

In California a statute gave to the trustees of the general common school districts, the power to exclude from the schools scholars who had not been vaccinated, and this was upheld as a valid exercise of the police power. *Abeel* v. *Clark*, 84 Cal., 226. In *Duffield* v. *Williamsport*

*School District*, 162 Pa. St., 476, a recent case, the resolution of a school board requiring vaccination as a condition of the right of attending the public school, was upheld as a reasonable health regulation for the benefit of the pupils and the general public. In the case at bar the required condition is made to operate impartially upon all children alike ; it affects all in the same way ; and reasonable provision is made for providing free vaccination where necessary. It is a reasonable exercise of the power to require vaccination, if such requirement ever can in the nature of things be a reasonable one. If vaccination is a preventive of small pox, as claimed by what appears to be the great majority of the medical profession, the requirement would seem to be a reasonable one. Public opinion also upon this question, as crystalized into law, seems to regard it as such a preventive. It is a question, however, about which medical men differ greatly, and upon which public opinion at the present day may be said to be divided. However this may be, we think that in a case like the one at bar, touching the terms and conditions of attendance at the public schools, the question of the reasonableness, in this sense, of such a requirement, is one exclusively for the legislature.

The question before us is not whether the legislature ought to have passed such a law ; it is simply whether it had the power to pass it.

In no proper sense can this statute be said to contravene the provisions of § 1 of the first article of our State Constitution, as claimed by the plaintiff. It may operate to exclude his son from school, but if so, it will be because of his failure to comply with what the legislature regards, wisely or unwisely, as a reasonable requirement enacted in good faith to promote the public welfare.

Nor in any proper sense can the statute be said to deprive the plaintiff of any right without due process of law, or to deny to him the equal protection of the law.

We think the demurrer was properly overruled.

There is no error.

In this opinion the other judges concurred.