MAUD I. LAWBAUGH

*v.*

THE BOARD OF EDUCATION OF DISTRICT No. 2.

*Opinion filed February 17, 1899.*

SCHOOLS—*compulsory vaccination as a pre-requisite to attending school.* Neither the city council nor a city board of health nor the State Board of Health has power to require compulsory vaccination as a pre-requisite to attending a public school unless small-pox exists in the community or there is reasonable ground to apprehend its appearance. (*Potts* v. *Breen,* 167 Ill. 67, followed.)

*Lawbaugh* v. *Board of Education,* 66 Ill. App. 159, reversed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. HIRAM BIGELOW, Judge, presiding.

WILLIAM M. SMITH, and GEORGE W. SHAW, for plaintiff in error.

DUNHAM & FOSTER, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Maud I. Lawbaugh, a pupil of about the age of twelve years, was expelled from the public schools at Geneseo, Illinois, because she did not exhibit a certificate of vaccination done within the past year, and who had not been vaccinated, and she was forbidden to return until she should bring such certificate. She, by her next friend, applied to the circuit court of Henry county for a writ of *mandamus* to compel the defendant in error to admit her. The circuit court refused the writ, and the Appellate Court for the Second District, on appeal, affirmed the judgment of the circuit court.

It appears the petitioner resided in the district and was of about the age stated, and entitled to the privi-

leges of the public schools on the same terms and conditions as other children of the district, subject to lawful regulations. A resolution of the State Board of Health of November 2, 1891, required that before being admitted into any public school every child must present to his or her teacher a certificate, signed by a legally qualified physician, stating the name, age, residence, date of vaccination, etc., and a subsequent resolution of the State Board of Health of January, 1894, re-affirmed the above and extended it to parochial and private schools. The State Board of Health further resolved that its power, under the statute, to order the vaccination of children, was clear and unquestioned. The city of Geneseo, by an ordinance passed by the city council on August 11, 1891, established a board of health and appointed its members, and by an ordinance of October 12, 1893, further provided that the board of health might, at any time, after consulting duly authorized officials, declare it necessary to the public health to suspend from school any unvaccinated student attending the Geneseo schools, public or private, until such person should be able to produce, a certificate that such person had been vaccinated. The board of health of Geneseo adopted a resolution prohibiting the attendance of unvaccinated pupils.

The contention of the defendant in error is, that the State Board of Health is a *quasi* public corporation, and the legislature could delegate to it the right to make rules and regulations having the force of law as to the subject matter involved, and that the action of the State Board of Health, of the Geneseo board of health and the city of Geneseo was within the scope of their respective powers, and that their rules, regulations and ordinances are of binding force and effect as preventive law, and that the board of education had full power to pass the rules complained of.

The questions presented by this record, except so far as the ordinance of the city of Geneseo is concerned, are

identical with the questions presented in *Potts* v. *Breen,* 167 Ill. 67, where it was held that a rule adopted by the State Board of Health compelling the vaccination of children as a pre-requisite to their attending the public schools is unreasonable where small-pox does not exist in the community and there is no reasonable cause to apprehend its appearance; that the power to compel the vaccination of children as a pre-requisite to their attending public schools could only be derived from the general police power of the State, and can only be justified as a necessary means for preserving health. These questions were fully discussed in the *Breen case,* and it is earnestly urged that we reconsider that case, by the brief filed by the defendant in error. We adhere to the principles announced in that case and decline to further discuss the questions there determined. The only question in this case not presented in that, is the action of the city council of the city of Geneseo, and we cannot hold that in the preservation of the public health, under the police power of the State, a municipality invested with police power may invoke such power for the purpose of invading the individual liberty of citizens of the community. Neither the city of Geneseo, nor its board of health, nor the board of health of the State of Illinois, has power to require compulsory vaccination except in the public contingency stated in the *Breen case,* and it was error in the circuit court of Henry county to refuse to issue the writ, as also it was error in the Appellate Court for the Second District to affirm that judgment.

The judgment of the Appellate Court for the Second District and the judgment of the circuit court of Henry county are each reversed and the cause is remanded.

*Reversed and remanded.*