## GLOVER v. BOARD OF EDUCATION OF LEAD *et al.*

Mandamus was issed to a city board of education directing it to admit a pupil whom it had suspended for failure to comply with its order requiring vaccination, because there was no smallpox in the city, and the order was without justification as a sanitary measure. Subsequently such pupil was admitted to the school in compliance with the writ, and on the day he was admitted the board, being officially advised by the state and county health boards that smallpox was then prevalent in the vicinity of the city, again suspended such pupil until he presented proof of vaccination. *Held*, that the subsequent suspension did not subject the board to contempt, as in violation of such writ, since on such emergency, arising after the pupil's readmittance, it was justified in suspending him during the continuance of the danger.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by George W. Glover, as guardian *ad litem* of George W. Glover, Jr., against the board of education of the city of Lead and another. From an order discharging defendants from contempt, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*James P. Wilson* and *Granville G. Bennett*, for appellant.

*Thomas L. Redlon* and *Moody, Kellar & Moody*, for respondents.

FULLER, P. J.   At the conclusion of a contempt proceeding, based upon an alleged violation of a peremptory writ of mandamus, an order was entered discharging the defendants, and plaintiff appeals. In the manner provided by the rules of this court, appellant has fully presented the record essential to a determination of every

material question, and nothing in the way of costs will be allowed for the printing of respondent's two additional abstracts. On the 17th day of January, 1900, appellant's son George W. Glover, Jr., was suspended from the public schools of the city of Lead for the sole reason that he refused to furnish satisfactory evidence of vaccination. At the hearing of an orderly proceeding for a mandamus made returnable fifteen days after the suspension, respondents tacitly conceded that at and prior to the time the boy was suspended there was no "case of smallpox in the city of Lead, or in said Lawrence county, and said alleged order is needless, and without justification, as a sanitary or preventive measure, and was issued by said board without cause, and without authority of law, and is unjust and oppressive." Upon the affidavit from which we quote this admission, and with the consent of respondents' counsel, a peremptory writ of mandamus issued on the 2nd day of February, 1900, commanding such school board and superintendent to "immediately admit to the public schools of the said city of Lead the said George W. Glover, Jr., as a pupil, without requiring of him a certificate of vaccination or compliance with the order of said board of education requiring pupils of said schools to be vaccinated." Conformable to this mandate, the boy was permitted to return to school, where he was received as a pupil on the 5th day of February, but in the afternoon of the same day he was presented with the following notice: "Lead, So. Dak., Feb. 5, 1900. George W. Glover: By order of the board of education of the city of Lead, passed February 3, 1900, you are refused admission as a pupil of the public schools of the city of Lead until you present satisfactory proof of your vaccination against smallpox. [signed] C. M. Pinkerton, Superintendent." By a demurrer to the verified answer and return of respondents to the order to show cause why they should not be adjudged guilty of a contempt

of court for a violation of its mandate, appellant admits that subsequently to the service thereof, and before his son had been readmitted to the schools in compliance therewith for a day, most alarming local sanitary conditions were officially brought to their attention by the service of resolutions and orders of the state, county, and city boards of health, respectively showing that smallpox was then prevalent in the vicinity of the city, and requiring the health authorities to exclude all children and pupils from the public schools who fail or refuse to furnish satisfactory evidence of vaccination. The resolution of the respondent board, passed at a regular session held on the 3rd day of February, 1900, provides for vaccination without expense to indigent pupils, and the only reason why appellant refused to permit his son to comply with the order was that he rejects as fallacious the medical theory that vaccination is necessary to prevent the dissemination of smallpox. For the purpose of presenting to the trial court their reasons for the belief that an emergency existed on the 5th day of February, when for the second time appellant was suspended, and to show their good faith in the matter, respondents recite in their verified return the following, which is admitted by the demurrer: "That at the time the said orders hereinbefore referred to, and each of them, was made, there was, and still is, at the present time imminent and impending danger of an epidemic of smallpox in the city of Lead, which said disease is of a contagious and infectious character, and reasonable ground to suspect and believe such an epidemic would take place there; that at that time, as these defendants are creditably informed, and believe, and also at the present time, there was and is now an epidemic of smallpox raging in the states of Iowa and Minnesota, near the line of this state on the east; that there are some cases in the eastern part of this state, quite a number in Sioux Falls, this state, some cases in Oma-

ha and Lincoln, Nebraska, and in a number of towns in the central and western portions of Nebraska, and that said disease is spreading westward along the line of the railroads in said state, and that there was and is now an epidemic of said disease in Butte, Montana, on the west, from which many people are dying; that the city of Lead is a minig town of about 7,000 inhabitants, a large proportion of whom are miners, and travel from one mining town to another; that the city of Butte, Montana, where said epidemic is now raging, is also a mining town, and many persons are traveling from Butte city to Lead city, and that there is and was great reason to fear that said disease would be brought to Lead, and that if one case was start-in Lead city it would be almost sure to result in a dangerous and destructive epidemic; that these defendants have read letters from Butte, Montana, stating that there were 163 cases of smallpox in the pest house there, the number having grown from sixty-six to 163 since January 25, 1900, and many other persons, who are not in the pest house, which letters were written to the board of health of Lawrence county, or to members of said board, and have seen quite a number of people who have come to Lead city from said Butte city within a short time past; that there is railroad communication between the city of Lead and Butte city, and that, as defendants believe, it takes less than twenty-four hours to make that trip from one of the said cities to the other; that defendants are informed and believe that at the time said orders were made the state board of health, the county board of health, and the board of health of the city of Lead had good and reasonable grounds to suspect and believe, and did suspect and believe, that an epidemic of smallpox would break out in the city of Lead, and that they still have reason to fear and do fear that said epidemic of small-pox will break out in the city of Lead; that

about 900 pupils attend the Lead city schools and 98 per cent. have complied with the orders; that said rules and orders were not made to distress or oppress any citizen, but were made in good faith, for the purpose of protecting the inhabitants of Lead from the ravages of a dread disease, and for no other purpose whatever."

The statute requires the state board of health to make and enforce such orders as tend to prevent the spread of contagious, infectious, or malarial diseases, and to isolate by quarantine any person affected with a contagious or infectious disease. Over the several boards of health established by the act, and given similar powers in cities, villages, and towns, and the county boards of health of the several counties, the state board is given general supervisory powers, and any violation of a rule or regulation made to prevent the spread of such diseases constitutes a misdemeanor punishable "by a fine of not more than one hundred dollars, or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment, in the discretion of the court." Chapter 96, Laws 1895. In perfect accord with the primary governmental purpose, to insure domestic tranquility, and promote the general welware, the legislature has, in the exercise of its constitutional authority, established these several boards of health, and conferred upon each power to enact all necessary rules and regulations for the prevention of disease within its respective jurisdiction, and such rules and regulations are given the force of substantive law. 4 Am. and Eng. Enc. Law (2d Ed.) 599. At the hearing of the application for a mandamus, respondents, by withdrawing their answer, confessed that smallpox was not prevalent on the 20th day of January, and the order requiring pupils to be vaccinated in order to be permitted to attend school was entirely needless.

The mandate with which respondents substantially complied, as soon as appellant's son presented himself for admission on the morning of February 6th, was rightfully actuated by an untraversed affidavit, showing presently existing conditions to which the writ in its operation must be confined. While the earlier resolution was in effect nullified by the mandamus complied with, further proceedings on the part of the board, under justifiable conditions, were not forestalled for all time, and the fact that an emergency immediately arose requiring prompt action for the protection of the public from the consequence of a dreadable disease in no manner rendered respondents guilty of contempt. The several boards of health concurred in the belief that smallpox would soon become epidemic in the city of Lead if unvaccinated pupils were longer allowed to attend the public schools during the prevalence of the disease in contiguous communities, and the temporary regulation of respondents, requiring children to furnish satisfactory evidence of vaccination or remain away from school until the further order of the board, was reasonable, and, according to medical science, deemed necessary, to prevent one person from infecting another with smallpox. This optional regulation, excluding temporarily such as decline to comply therewith, is within the general power of the school board to control, manage, and regulate the public schools of the city, and, in view of the action taken by the various boards of health, respondents could do no less and escape the penalty of the law.

Independently of express legislation, a board of education has power, under circumstances like the present, to close the schools until the danger subsides, or suspend such as refuse to undergo vaccination. State v. Board of Education of Salt Lake, (Utah) 60 Pac. 1013; Duffield v. School Dist. (Pa. Sup.) 29 Atl. 742, 25 L. R. A. 152; Abeel v. Clark, 84 Cal. 226, 24 Pac. 383; Blue v. Beach

(Ind. Sup.) 56 N. E. 89; Morris v. City of Columbus, (Ga.) 30 S. E. 850, 42 L. R. A. 175; Tied. Lim. par. 15. So far as known vaccination is the most effective method of preventing the spread of the disease of which respondent had good reason to be most seriously apprehensive, and in the emergency that existed, they were fully justified in suspending appellant during the continuance of danger. The changed conditions demanded summary steps to be taken immediately after the boy was admitted, in compliance with the writ issued upon proof that his previous exclusion was unwarranted, and, as stated above, the fact that he was again suspended on the same day, pursuant to the simultaneous action of all the legally constituted health authorities, does not constitute contempt. The order discharging respondents is affirmed.