HATTIE N. OSBORN *et al.* v. A. RUSSELL *et al.*

No. 12,004.*  (68 Pac. 60.)

SYLLABUS BY THE COURT.

1. SCHOOLS AND SCHOOL DISTRICTS—*Board of Health.* The authority granted to the state board of health by section 8 of chapter 129, Laws of 1885 (Gen. Stat. 1901, § 6663), does not vest in such board power to make a regulation that "no person, until after being successfully vaccinated, shall be admitted into public or private schools."

2. ——— *Power of Board of Education to Require Vaccination.* In the absence of a lawful regulation prescribed or authorized by the legislature, a board of education of a city of the second class has no authority, at a time when the disease of smallpox does not exist in or near such city, to deny a child of school age, resident therein, admission into the public schools because such child has not been vaccinated.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed March 8, 1902. Reversed.

*F. J. Oyler,* and *H. F. Mason,* for plaintiffs in error.
*Reeves & Kirkpatrick,* for defendants in error.

The opinion of the court was delivered by

ELLIS, J. : When this suit was commenced, on December 13, 1899, the plaintiffs in error were children, aged respectively ten, eight and six years, residing in Dodge City, a city of the second class, and were, by an order of the board of education of such city, denied admission to the public schools by reason their not having been vaccinated. Through their father, as next friend, they applied to the court of appeals for the southern department for a writ of mandamus to

---

*For opinion by court of appeals, see 61 Pac. 1134; mem. dec. 10 Kan. App. 582.—REP.

compel the board of education and superintendent of schools to admit them to school privileges, and an alternative writ was issued. Among other things, they set forth in their application for such writ that there was no smallpox in Dodge City or in Ford county, and no cause to apprehend its appearance there. The defendants answered alleging that Dodge City was in imminent danger of an outbreak of smallpox because of its being a division point of the Santa Fe railway; that vaccination was a scientific preventive of the spread of smallpox; that the state board of health had adopted a rule providing among other things that every child who had not been successfully vaccinated should be excluded from public or private schools, and that the city council had adopted an ordinance requiring all residents of the city to be vaccinated, under penalty of a fine. The ordinance referred to was passed by the mayor and councilmen of said city subsequently to the bringing of this action. The case was tried upon an agreed statement of facts as to certain propositions therein specified, and upon depositions of witnesses. There was no oral testimony. The application for a peremptory writ was denied, and the plaintiffs bring the proceedings here for review.

A motion to dismiss is made by the defendants in error, but it is without merit. As it relates to the question of certification of this cause from one division to another of the court of appeals, and as, owing to the expiration of said court by statutory limitation, a similar question is not likely to arise again, we refrain from commenting upon it.

The issues in this action must be determined under the law as it existed at the time the suit was brought. It is not claimed that the legislature had adopted a

law making vaccination compulsory or a condition precedent to admission to the public schools. It had provided that "no pupil infected with a contagious disease shall be allowed to attend any common school or remain in any schoolroom while so infected." (Gen. Stat. 1901, § 6200.)

It is claimed, however, that the authority granted to the state board of health under section 8 of chapter 129, Laws of 1885 (Gen. Stat. 1901, § 6663) is sufficient to uphold the regulation of the board hereinbefore referred to. That act provides that "the state board of health shall supervise the health interests of the people of the state," and that "the state board of health shall adopt and publish such rules and order of business as may be necessary to make this act effective." By recent legislation, the powers of the state board of health have been greatly extended, and nothing herein is intended as an intimation with reference to the present scope of such powers. It is sufficient for the purposes of this case to say that at the time it made the order invoked in this case it had no power or authority to adopt a regulation that "no person, until after being successfully vaccinated, shall be admitted into public or private schools," and its order did not invest the board of education with the authority attempted to be exercised. The question is not before us, but it is assumed that the legislature has authority to enact such laws as are requisite for the preservation of health and for the prevention of infection from contagious diseases, and it may well be that such power can be delegated. (*In re Rebenack*, 62 Mo. App. 8; *Duffield, Appellant, v. School District*, 162 Pa. St. 476, 26 Atl. 742, 25 L. R. A. 152; *Bissell v. Davison et al.*, 65 Conn. 192, 32 Atl. 348, 29 L. R. A.

251; *Blue v. Beach*, 155 Ind. 121, 56 N. E. 89, 50 L. R. A. 64, 80 Am. St. Rep. 195.)

The courts have usually sustained specific regulations intended to prevent the further extension of an epidemic, or to prevent the same when danger thereof appears imminent, and authority given to cities to establish quarantine in such cases has been uniformly upheld. (*Glover v. Board of Education*, 14 S. Dak. 139, 84 N. W. 761; *State, ex rel. Cox, v. Board of Education*, 21 Utah, 401, 60 Pac. 1013; *City of Salem v. Eastern Railroad Company*, 98 Mass. 443, 96 Am. Dec. 650; *Potts v. Breen*, 167 Ill. 67, 47 N. E. 81, 39 L. R. A. 152, 59 Am. St. Rep. 262; *Lawbaugh v. Board of Education*, 177 Ill. 572, 52 N. E. 850.)

In the case of *The State, ex rel. Adams, v. Burdge and others*, 95 Wis. 390, 70 N. W. 347, 37 L. R. A. 157, 60 Am. St. Rep. 123, the court held:

"In the absence of a statute making vaccination compulsory or a condition precedent to the right of children of proper qualifications to attend the public schools, a rule by the state board of health, which was authorized to take general supervision over the public health, and to make regulations to preserve it, and to guard against contagious disease, that no child shall be allowed to attend a public or private school within the state without presenting a certificate of vaccination; cannot be sustained as an exercise of police power."

The statute (Gen. Stat. 1901, § 6298) requires the maintenance of a system of free common schools in each city of the second class in this state, which "shall be free to all children residing in such city between the ages" specified therein, and it has been held by this court that, in the absence of legislative authority, a board of education has no power to exclude from such schools a child possessing the requi-

site qualifications as to age and residence. (*Board of Education v. Tinnon*, 26 Kan. 1; *Knox v. Board of Education*, 45 id. 152, 25 Pac. 616, 11 L. R. A. 830.)

It follows that the plaintiffs were entitled to a peremptory writ of mandamus as prayed. The judgment of the court of appeals is reversed, and the application for such peremptory writ is sustained.

DOSTER, C. J., JOHNSTON, POLLOCK, JJ., concurring.