THE PEOPLE *ex rel.* Louise Jenkins, Appellant, *vs.* THE BOARD OF EDUCATION *et al.* Appellees.

*Opinion filed April 23, 1908—Rehearing denied June 9, 1908.*

1. SCHOOLS—*vaccination is not a condition precedent to right to attend public school.* The legislature has not made vaccination a condition precedent to the exercise of the legal right of a child to attend a public school, nor has it conferred upon cities the power to so provide.

2. SAME—*ordinance making vaccination a condition precedent to right to attend school is void.* An ordinance providing that no child shall be admitted to any public school who has not been vaccinated within seven years next preceding the application for admission is null and void and affords no justification for refusing to admit a child to a public school.

3. MUNICIPAL CORPORATIONS—*health commissioner is merely an administrative officer.* The health commissioner is purely an administrative officer and has no legislative powers, and he can only be authorized to perform administrative duties in pursuance of some ordinance of the city.

4. SAME—*small-pox is not such an emergency as may not be provided for by general ordinances.* There is nothing in the nature of an emergency in the occasional recurrence of small-pox in a large city which may not be provided for by general rules and regulations prescribed by the legislative authority of the city, instead of attempting to delegate to the health commissioner the power to make emergency rules when the disease appears.

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

WALTER J. WATTS, and STEDMAN & SOELKE, for appellant.

EMIL C. WETTEN, GEORGE W. MILLER, and FRANK HAMLIN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Louise Jenkins, by her next friend, filed her petition in the name of the People, in the circuit court of Cook county, against the board of education of the city of Chicago, and therein alleged that she was a resident of the city, six years of age, a daughter of D. F. D. Jenkins, a resident and taxpayer of said city, and that on October 29, 1907, she applied for admission as a pupil to the John Fiske school, which she was entitled to attend, and was denied admission to the said school by the board of education because she refused to be vaccinated, and she prayed for a writ of *mandamus* commanding the board to admit her to the public schools. The board of education answered, making no denial of the averments of fact contained in the petition, which were therefore admitted to be true, but setting up in justification of the exclusion of the relator an ordinance of the city of Chicago and instructions by the health department to enforce such ordinance. The relator demurred to the answer and the court overruled the demurrer. The relator elected to stand by the demurrer, and judgment was entered against her, dismissing the petition and for costs. An appeal to this court was prayed for, and the trial judge certified that the validity of the city ordinance was involved, and in his opinion public interest required that an appeal should be taken direct to this court, in pursuance of section 118 of the Practice act. (Laws of 1907, p. 444.) The appeal was allowed and perfected, and the record has been filed in this court.

The constitution requires the General Assembly to provide a thorough and efficient system of free schools, whereby all children in this State may receive a good common school education, and the statute provides for establishing and keeping in operation such schools for the accommodation of all children over the age of six and under the age of twenty-one years. The right to attend the public school in the district where the relator resides is therefore given to her by the law, and the duty to admit her and to maintain the school rests upon the board of education. The legislature have never made it a condition precedent to the exercise of the legal right to attend the public schools that children shall be vaccinated, and the question whether power to do that exists is not involved in this case. The petition alleges, and the answer does not deny, that the defendants denied to the relator admission to the John Fiske school, but the answer sets up as justification for the exclusion an ordinance of the city of Chicago. Not only have the legislature never prescribed vaccination as a condition to the enjoyment of the legal right to attend public schools, but they have never conferred upon cities the power to do so. If the city of Chicago has power to pass any ordinance on the subject, the power is derived from the authority conferred upon the city council to appoint a board of health and prescribe its powers and duties, to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease, and to pass all ordinances and rules and to make all regulations proper or necessary to carry into effect such authority.

The ordinance set out in the answer was passed on March 20, 1905, and the only section relating to exclusion from schools is section 1255, which is as follows: "No principal or person in charge or control of any school shall admit to such school any child who shall not have been vaccinated within seven years next preceding the admission or application for admission to any such school of such child,

nor shall any such principal or person retain in or permit to attend any such school any child who shall not have been vaccinated as provided in this article."

The general police powers above enumerated to pass ordinances and make regulations for the promotion of health or the suppression of disease do not include the passage of such an ordinance as this, which makes vaccination a condition precedent to the right to an education. An ordinance passed by reason of such authority must be reasonable in its character and rest upon the ground that it is a necessary means of preserving the public health. In the case of *Potts* v. *Breen,* 167 Ill. 67, it was held that the exclusion of a child from a public school because of a refusal to be vaccinated can only be justified where such course is necessary, or reasonably appears to be necessary, in case of an existing or threatened epidemic of small-pox and to prevent the spread of the disease. In the case of *Lawbaugh* v. *Board of Education,* 177 Ill. 572, the court adhered to those principles and declined to further discuss them, although earnestly urged to reconsider the former decision. Section 1255 is null and void and affords no justification for denying relator admission to the John Fiske school, whether the denial of her legal right was at the instance of the health commissioner, the health department or any other authority.

The only other section of the ordinance which has any relation to schools, or which purports to give any authority respecting them to the health commissioner or health department, is section 1253, and it does not purport to give any authority to exclude children from schools. It provides that the commissioner of health, or any officer of the health department designated and authorized to act by such commissioner, shall have power to enter any of certain enumerated buildings and places, among which are school houses, under certain circumstances, and that such commissioner or officer shall have power to vaccinate any person found in such building or place whom he shall deem it necessary or

advisable to vaccinate. It further purports to authorize the commissioner, at any time when small-pox is prevalent or an epidemic of small-pox is or appears to be imminent, to vaccinate any person in the city whom he shall deem it necessary or advisable to vaccinate, provided that such person may be vaccinated by his own physician in a manner satisfactory to the commissioner. Although this section is set out at length in the answer, it is not alleged that the commissioner was attempting to vaccinate the relator, and no justification under its provisions is attempted.

Section 1035 of the ordinance purports to give to the commissioner of health power to make such rules and regulations in relation to the sanitary condition of the city and for the prevention and suppression of disease, not inconsistent with the municipal code, as he may deem necessary or advisable, but it provides that such rules and regulations shall not take effect and be in force until approved by the city council, except in cases of emergency. The answer does not allege that the commissioner of health made any rules or regulations or that any were approved by the city council. The section further provides that the commissioner may make rules and regulations for the preservation of the public health in case of an emergency from contagious or epidemic disease or danger from anticipated or impending contagious or epidemic disease, but such emergency rules and regulations shall, as soon as may be after the promulgating of the same, be reported to the city council for approval. Here, again, it does not appear that the commissioner acted under any provision of that section, or made any rule or regulation, or reported any to the city council after promulgation.

These provisions of the ordinance are the only ones that could in any event have any relation to attendance upon the public schools, and the only one that was enforced against the relator was section 1255, which is null and void. The answer alleged, as a matter of fact, that on October 29,

1907, the disease of small-pox was prevalent in the district in which the John Fiske school was located, within such a radius as to make it dangerous for all persons therein residing who had not been vaccinated; that the commissioner of health declared small-pox to be epidemic in said district, and instructions were given by the health department to exclude all children who had not been vaccinated in accordance with the terms of the ordinance. The terms of the ordinance are that no child shall attend the public schools who has not been vaccinated within seven years, and do not constitute a lawful exercise of any power conferred upon the city. The health commissioner is a purely ministerial officer and has no legislative powers whatever. The ordinance does not purport to give him authority to exercise such powers or to make any rules or regulations, except in cases of emergency, until they can be reported to the city council for approval or rejection. He can only be authorized to perform administrative duties in pursuance of some ordinance of the city, and there was no valid ordinance authorizing the exclusion of relator from the public school which she had a legal right to attend. There is nothing in the nature of an emergency in the occasional recurrence of the well known disease of small-pox in a city like Chicago which may not be provided for by general rules and regulations prescribed by the legislative authority of the city. The board of education, which has charge of the public schools, has made no rule or regulation on the subject of such epidemics, and neither has the city council. The answer does not make known any ordinance, rule or regulation for the exclusion from the schools of children not vaccinated in the event that an epidemic of small-pox exists in the vicinity of a school or is reasonably apprehended, and in our opinion the court erred in overruling the demurrer.

The judgment is reversed and the cause is remanded to the circuit court, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*