STATE OF OHIO v. L. M. TURNEY.

PARENT NOT COMPLYING WITH BOARD OF EDUCATION'S ORDER TO VACCINATE CHILD NOT AMENABLE TO COMPULSORY EDUCATION ACT.

A parent who sends his child to a public school and is willing to continue to do so, but the child is excluded for failure to comply with a rule of the board of education requiring vaccination, is not liable to conviction under the compulsory education act (Sec. 4022-1 Rev. Stat.).

[Syllabus by the court.]

ERROR to Franklin common pleas court.

C. E. Carter, for plaintiff in error.
D. K. Watson and D. C. Jones, for defendant in error.

ALLREAD, J.

The question involved in this case is whether a parent can rightfully be prosecuted and convicted under the compulsory education act when he sends the child to school and is willing to continue, but the child is excluded for failure to comply with a rule requiring vaccination.

The compulsory education act (Sec. 4022-1 Rev. Stat. et seq.) provides that, "Every parent, guardian or other person having charge of any child between the ages of eight and fourteen years, shall send such child to a public, private or parochial school," etc., and that "any parent, guardian or other person having care of a child between the ages of eight and fourteen years, who shall, in violation of the provisions of this section, fail to place such child in school," etc., shall upon conviction, be fined, etc.

It is a fundamental rule applicable to all penal laws (State v. Myers, 56 Ohio St. 340, 350 [47 N. E. Rep. 138], that "a statute defining a crime cannot be extended by construction to persons or things not within its descriptive terms, though they may appear to be within the reason and spirit of the statute. Persons cannot be made subject to such statute by implication. Only those transactions are included in them which are both within the spirit and letter; and all doubts in the interpretation of such statutes are to be resolved in favor of the accused."

Section 3986 Rev. Stat., provides:

State v. Turney.

"The board of each district may make and enforce such rules and regulations to secure the vaccination of, and to prevent the spread of smallpox among the pupils attending or eligible to attend the schools of the district, as in its opinion the safety and interest of the public require."

Under this authority the board of education of the city of Columbus adopted a rule that no pupil should attend any public school unless the pupil shall have had the smallpox or been vaccinated.

It may be noted that Sec. 3986 is found in a chapter entitled "Provisions applying to all boards." It does not pretend to be penal.

The terms "send such child to school" and "place such child in school" found in the compulsory education act may be read together and as synonymous, and may and probably do *ex vi termini* include such preparation and conformity to usual rules as reasonably follow from the use of these terms in popular and general acceptation.

The compulsory education act was obviously intended to meet the cases where the parent was indifferent to the attendance of the child and made no effort to cause the child to attend the schools. The act was certainly not intended to be used as a means of enforcing any rule which the board of education in the plentitude of its general powers might see fit to adopt.

Such a construction would give the board of education the power by indirect means of criminal legislation not only against the pupil but the parents.

To so hold requires clear legislative expression and the authority cannot be sustained by inference or implication. The accused is to have the benefit of the doubt.

It must be observed that after conferring upon boards of education general power to make rules, special authority is conferred by the legislature as to vaccination.

By the clear weight, if not the universal trend of authority, it is held that a general order or rule adopted by a board of education requiring vaccination of pupils, except in the emergency of an actual impending epidemic, can only be sustained by direct and specific legislation.

*Potts* v. *Breen*, 167 Ill. 67 [47 N. E. Rep. 81; 39 L. R. A. 152; 59 Am. St. Rep. 262]; *Mathews* v. *Kalamazoo* (*Bd. of Ed.*), 127 Mich. 530 [86. N. W. Rep. 1036; 54 L. R. A. 736]; *People* v. *Chicago* (*Bd. of Ed.*), 234 Ill. 422 [84 N. E. Rep. 1046; 17 L. R. A. (N. S.) 709]; *State* v. *Burdge,* 95 Wis. 390 [70 N. W. Rep. 347; 37 L. R. A. 157; 60 Am. St. Rep. 83]; *Osborn* v. *Russell,* 64 Kan. 507 [68 Pac. Rep. 60]; *Smith, In re,*

146 N. Y. 68, 75 [40 N. E. Rep. 497; 28 L. R. A. 820; 48 Am. St. Rep. 769].

Crew, J. in *State* v. *Barberton* (*Bd. of Ed.*), 76 Ohio St. 297 [81 N. E. Rep. 568], holding valid the rule of the board of education excluding a pupil not vaccinated, expresses as one of the grounds of the decision that no question of compulsory vaccination was involved, but only the right of exclusion from the public schools. He quotes with approval from the case of *Bissell* v. *Davison*, 65 Conn. 183 [32 Atl. Rep. 348; 29 L. R. A. 251], that the statute providing for vaccination "does not authorize or compel compulsory vaccination. It simply requires vaccination as one of the conditions of the privilege of attending the public school."

These cases rest upon the well recognized principle that acts derogatory of common right and abridging personal liberty are like penal laws to be strictly construed in favor of the citizen, and that the legislature alone as the sovereign power can declare the necessity, and it must do so expressly; otherwise the intention will not be inferred.

The power delegated by the legislative act to the board of education is to "make and enforce such rules and regulations, etc., to secure vaccination," etc.

Under the rule of strict construction, the delegation of power to the board to "make and enforce" rules does not contemplate any other penalty for a violation of the rule than those which the board has authority to inflict, viz., suspension or exclusion from the schools of which they have control.

This conclusion is directly supported by *Commonwealth* v. *Smith*, 9 Pa. Dist. 625, and a *dictum* in *Morris* v. *Columbus*, 102 Ga. 792 [30 S. E. Rep. 850; 42 L. R. A. 175; 66 Am. St. Rep. 243]. The *contra* is found in the opinion of *Mathews* v. *Kalamazoo* (*Bd. of Ed.*), *supra*.

The holding of *Smith, In re, supra*, is that express legislative authority is required to quarantine a citizen who refuses to be vaccinated. It does not follow from a law giving general authority to the board of health to adopt rules.

Counsel for the board of education contend that the exclusion of the child from the public schools does not relieve the parent from the obligation under the compulsory education of seeking its admission into a private or parochial school.

While it is true that the parent is required by the act to send his child to a public, private or parochial school, yet the election is with the parent. The character of our system of public schools and the manner in which they are sustained, do not justify us in holding that

State v. Turney.

where a child is excluded from the public schools—because in some degree supposed to be an "undesirable citizen,"—that the parent is compelled to seek its admission in a private or parochial school.

There is no presumption that the child if rejected by the public schools would be received in a private or parochial school or a school of some other district and therefore in the last analysis the question of compulsory vaccination comes up.

If exclusion for failure to comply with the rule of a public school as to vaccination is no defense to a prosecution under the compulsory education act, then the exclusion for violation of a similar rule as to private or parochial or other district schools would be no defense and we would then be face to face with a compulsory vaccination law.

Besides, the father elected to send his child to the public school and claims that he did so and offers to continue to do so. The validity of his convictions must rest upon proof of his sending or failing to send his child to the public schools.

There is no claim that the violation of the rules was a colorable pretext to justify a child of truant disposition and screen an indifferent parent. The evidence shows the child was willing to go to school and the parent anxious to have it go.

In this state of facts the conviction was unlawful and the judgment of the court of common pleas reversing the conviction and discharging the defendant is affirmed.

**Sullivan** and **Dustin, JJ.,** concur.