[No. 13511. In Bank. — May 31, 1890.]

D. K. ABEEL et al., Appellants, v. D. C. CLARK,
RESPONDENT.

CONSTITUTIONAL LAW — VACCINATION ACT — GENERAL VACCINATION OF
SCHOOL CHILDREN. — The act of 1889, entitled "An act to encourage
and provide for a general vaccination in the state of California," which
provides for the vaccination of all children attending the public schools,
and for the exclusion of unvaccinated children therefrom, sufficiently
expresses the subject of the act in its title, is sufficiently general in its
scope, and is a constitutional exercise of the police power of the legisla-
ture.

ID. — TITLE OF ACT — OBJECT OF CONSTITUTION — CONSTRUCTION. — The
object of the constitutional provision requiring every act to embrace but
one subject, which shall be expressed in its title, is to prevent legislators
and the public from being entrapped by misleading titles to bills, whereby
legislation relating to one subject might be obtained under the title of
another; and it must receive a reasonable, and not a narrow or technical,
construction.

ID. — TITLE BROADER THAN BODY OF ACT — SINGLE SUBJECT — GENERAL
LAW APPLICABLE TO A CLASS OF PERSONS. — A general law relating to

one subject only, but describing that subject in the title by the use of the word "general," which appears broad enough to include all the people of the state, is not invalid because the body of the act relates to only a certain general class of persons in the state. The term "general," used in the title, applies to the general class specified in the act; and such title is not misleading.

ID. — SPECIFICATIONS IN TITLE. — It is not necessary that the title of an act should embrace an abstract or catalogue of its contents.

ID. — LOCAL AND SPECIAL LEGISLATION. — An act, to be general in its scope, need not include all classes of individuals in the state, and it answers the requirement of the constitution if it relates to and operates uniformly upon the whole of any single class.

ID. — EXERCISE OF POLICE POWER. — The legislature has power to enact such laws as it may deem necessary, not repugnant to the constitution, to secure and maintain the health and prosperity of the state, by subjecting both persons and property to such reasonable restraints and burdens as will effectuate such objects.

ID. — PUBLIC GOOD — PREVENTION OF DISEASE — DISCRETION OF LEGISLATURE. — It is for the legislature to determine what is for the public good, and what are necessary and salutary burdens to impose upon a general class of persons to prevent the spread of disease, and its discretion cannot be controlled by the courts, if its action is not clearly evasive and unlawful, under pretense of lawful authority.

MANDAMUS to compel admission to a public school in the city of Santa Cruz. The facts are stated in the opinion.

*E. E. Bacon*, and *H. A. Powell*, for Appellants.

*William Y. Jeter*, for Respondent.

GIBSON, C. — This was a proceeding for a writ of *mandamus* to compel the defendant, who is the principal of a public school in the city of Santa Cruz, to admit James Abeel as a scholar. The trial court gave judgment for the defendant, and the plaintiffs appeal.

The only ground upon which admission to the school was refused was, that said James Abeel had not complied with the provisions of what is known as the vaccination act. This act provides, in substance, that the trustees of the several common-school districts, and boards of common school government of the cities and towns in this state, shall "exclude from the benefits of the common

school therein any child or any person who has not been vaccinated, until such time when said child or person shall be successfully vaccinated; provided, that any practicing and licensed physician may certify that the child or person has used due diligence, and cannot be vaccinated so as to produce a successful vaccination, whereupon such child or person shall be excepted from the operation of this act." It is further provided that the trustees, etc., shall provide vaccine virus for children whose parents are not able to have them vaccinated, and that the expenses thereof shall be defrayed out of the school fund, and if there is not sufficient money in such fund to meet such expenses, a tax shall be levied for that purpose.   (Stats. 1889, p. 32.)

The appellants contend here that the act is unconstitutional, for two reasons: 1. The subject of the act is not expressed in its title; and 2. It is special, and not general in its scope.

1. The constitution declares: "Every act shall embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title." (Art. 4, sec. 24.)

The main object of this provision is to prevent legislators and the public from being entrapped by misleading titles to bills whereby legislation relating to one subject might be obtained under the title of another. (*Kurtz* v. *People*, 33 Mich. 282; *Boyd* v. *State*, 53 Ala. 605; *Hannibal* v. *Marion*, 69 Mo. 575; *Robinson* v. *Skipworth*, 23 Ind. 317; *Comm'rs of Marion* v. *Comm'rs of Harvey*, 26 Kan. 197; *Howell* v. *State*, 71 Ga. 227; 51 Am. Rep. 259.) And it must receive a reasonable, and not a narrow or technical, construction. (See *Stone* v. *Brown*, 54 Tex. 342; *Breen* v. *Railroad Co.*, 44 Tex. 305; *State* v. *Ranson*, 73 Mo. 86; *In re Public Parks*, 86 N. Y. 439, 440; *Larned* v. *Tiernan*, 110 Ill. 177; *Mills* v. *Charlton*, 29 Wis. 410; 9

Am. Rep. 578; *McAunich* v. *R. R. Co.*, 20 Iowa, 342; Cooley on Constitutional Limitations, 146.)

The title of the act in question here is as follows: "An act to encourge and provide for a general vaccination in the state of California." Now, what is the subject expressed in it? Clearly vaccination, and that only. This is also the subject of the act itself.

It is true that the term "vaccination," in the title, is qualified by the adjective "general," which makes it broad enough to include all the people of the state; while the body of the act relates to only a certain general class in the state, viz., scholars of the public schools and those who desire to become such. But we think, under the rules of construction above stated, that the term "general," in the title, applies to that general class specified in the act; and that neither the legislators nor the public could be misled by the manner in which the subject of the act is expressed in the title.

It seems to be well settled that it is not necessary that the title of an act should embrace an abstract or catalogue of its contents. (See *Montclair* v. *Ramsdell*, 107 U. S. 155; *People* v. *Hazlewood*, 116 Ill. 327; *Hope* v. *Gainsville*, 72 Ga. 250; *Alleghany County* v. *Home's Appeal*, 77 Pa. St. 80; *Lockhart* v. *Troy*, 48 Ala. 584; *State* v. *Barrett*, 24 Kan. 218; *Brewster* v. *Syracruse*, 19 N. Y. 117.)

2. The legislature shall not pass local or special laws in certain enumerated cases, among which the act in question does not come, nor in other cases where a general law can apply. (Const., art. 4, sec. 25.) The act here is not obnoxious to this provision. It embraces, and is designed to act uniformly upon, all who do or may attend the public schools of the state; such schools are, by article 9, section 6, of the constitution, defined as follows: "The public school system shall include primary and grammar schools, and such high schools, evening schools, normal schools, and technical schools as may be established by the legislature, or by municipal or

district authority." The class that does or may attend such schools is certainly a large and general one, and we cannot conceive how it could be more general in its nature. An act to be general in its scope need not include all classes of individuals in the state; it answers the constitutional requirement if it relates to and operates uniformly upon the whole of any single class, as we are satisfied the act before us does.

It is suggested that the subject of the vaccination act is not within the scope of a police regulation. The legislature has power to enact such laws as it may deem necessary, not repugnant to the constitution, to secure and maintain the health and prosperity of the state, by subjecting both persons and property to such reasonable restraints and burdens as will effectuate such objects. (See art. 19, sec. 1.)

The act referred to is designed to prevent the dissemination of what, notwithstanding all that medical science has done to reduce its severity, still remains a highly contagious and much dreaded disease. While vaccination may not be the best and safest preventive possible, experience and observation, the test of the value of such discoveries, dating from the year 1796, when Jenner disclosed it to the world, has proved it to be the best method known to medical science to lessen the liability to infection with the disease.

This being so, it seems highly proper that the spread of small-pox through the public schools should be prevented or lessened by vaccination, thus affording protection both to the scholars and the community.

Vaccination, then, being the most effective method known of preventing the spread of the disease referred to, it was for the legislature to determine whether the scholars of the public schools should be subjected to it, and we think it was justified in deeming it a necessary and salutary burden to impose upon that general class. The remarks of Judge Cooley, in his work on Constitu-

tional Limitations, page 157, are applicable here, where he says: " What is for the public good, and what are public purposes, and what does properly constitute a public burden, are questions which the legislature must decide upon its own judgment, and in respect to which it is invested with a large discretion, which cannot be controlled by the courts, except, perhaps, when its action is clearly evasive, and where, under pretense of lawful authority, it has assumed to exercise one that is unlawful."

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.