In the Matter of the Application of CHARLES A. WALTERS, Appellant, for a Writ of Mandamus Compelling L. B. HANNAFORD, Respondent, to Admit CHESTER A. WALTERS and Another to Public School No. 22.

*Vaccination of school children — duties of principals of public schools, under section 200 of chapter 661 of 1893 — a common-school education a privilege not a right — forcible vaccination an assault.*

The principal of a public school is not an officer, but an employee, of the board of education and subject to its control and direction; he has no discretionary powers and can admit no child to the school in violation of the rules and directions of his employer.

A common-school education, under the Constitution of the State of New York,[*] is a privilege rather than a right; it is created by the Legislature and is subject to legislative enactment, and the State can, in its discretion, debar from attendance at public schools such persons as are unwilling to adopt a protection which, in the estimation of the Legislature, is essential to the preservation of the health of the scholars.

To vaccinate a person against his will, and without legal authority so to do, is an assault.

Section 200 of chapter 661 of the Laws of 1893 is constitutional, and the trustees or other officers having the charge, management or control of public schools may refuse to admit or receive unvaccinated children or persons into the public schools of the State.

APPEAL by the petitioner, Charles A. Walters, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the

---

[*] In force on September 19, 1894.— [REP.

19th day of September, 1894, denying the petitioner's application for a peremptory writ of mandamus to compel the respondent to admit Chester A. Walters and another to Public School No. 22.

*Horace Graves,* for the appellant.

*Albert G. McDonald* and *Frank S. Angell,* for the respondent.

DYKMAN, J. :

This is an appeal from an order denying an application for a peremptory writ of mandamus requiring L. B. Hannaford to admit Chester A. Walters and Ada Walters to Public School No. 22.

The respondent Hannaford is the principal of the school, and the affidavit upon which the proceeding was based states that he had refused admission to the children on the ground that they had not been vaccinated.

The proceeding is against Hannaford individually, and no other parties are included as defendants or respondents.

Hannaford is not an officer ; he is an employee of the board of education and subject to its control and direction.    Under the rules and regulations of that board, " When a child is presented for admission to a public school of this city, the principal shall require a physician's certificate that he or she has been satisfactorily vaccinated, or has had the smallpox, or in default thereof shall exclude the child until such evidence is provided."

The principal of the school can exercise no discretion, and a mandamus directed to him would accomplish nothing.    He can admit no child in violation of the rules and directions of his employer, and the application might well have been denied upon that ground.

Instead of taking that course, however, the judge who heard the application considered the same upon the merits.

We are entirely satisfied with the disposition of the matter by the judge below and with the reasons which he has assigned therefor, and the order should be affirmed on the opinion of the judge who made it, with ten dollars costs and disbursements.

PRATT and CULLEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

The opinion of the Special Term was as follows :

BARTLETT, J.:

The avowed purpose of this application is to test the constitutionality of section 200 of the Public Health Law of this State, which provides that no child or person not vaccinated shall be admitted or received into any of the public schools of the State, and commands the trustees or other officers having the charge, management or control of such schools to cause this prohibition to be enforced. (Laws of 1893, chap. 661, § 200.)

Upon the oral argument I expressed the opinion that this enactment was a valid exercise of the police power of the Legislature; and that view has only been confirmed by an examination of the authorities cited in the briefs of counsel.

A common-school education under the existing Constitution* of the State of New York is a privilege rather than a right. It is created by legislation, and subject to legislative regulation. (Dallas v. Fosdick, 40 How. Pr. 249; People ex rel. King v. Gallagher, 93 N. Y. 438.) In the case last cited, RUGER, Ch. J., delivering the opinion of the Court of Appeals, declared it to be a plain deduction from the rule in the Slaughter-House Cases (16 Wall. 36) that the privilege of receiving an education at the expense of the State, being created and conferred solely by the laws of the State, and always subject to its discretionary regulation, might be granted or refused to any individual or class at the pleasure of the State. It follows that the State can certainly exercise this discretion by debarring from attendance at the public schools such persons as are unwilling to adopt a precaution which, in the judgment of the Legislature, is essential to the preservation of the health of the large body of scholars.

In California there is a statute which provides for the exclusion of unvaccinated children from the public schools. The constitutionality of this law was questioned in the Supreme Court of that State in 1890, one of the objections being technical, and the other being that the subject of the act was not within the scope of a police regulation. Both objections were overruled, the court declaring that, as vaccination was the most effective method known of preventing the spread of smallpox, it was for the Legislature to determine

---

* This refers to the Constitution prior to the revision of 1894.

whether the scholars of the public schools should be subjected to it, and the Legislature was justified in deeming it a necessary and salutary burden to impose upon that general class. (*Abeel* v. *Clark*, 84 Cal. 226.)

To vaccinate a person against his will, without legal authority so to do, would be an assault; and it was suggested on the argument, by the learned counsel for the petitioner, that the statute of this State, providing for the compulsory attendance of truant children at the public schools, when construed in connection with the provisions of the Public Health Law relative to vaccination, would have the effect of obliging a child to submit to an assault at the hands of the school authorities. No such question as this, however, arises in the present case. The only effort here is to insist upon a condition, which the Legislature has made a precedent to the exercise of a privilege. It will be time enough to decide whether the State can force a child to attend school, and force him to be vaccinated as a prerequisite to such attendance, when any officer attempts such a proceeding.

I may add that the point upon which this case turns is very different from that which was before Mr. Justice GAYNOR in the *Matter of Smith & Cummings*, where the commissioner of health restrained the petitioners from their liberty until they consented to be vaccinated, although the Legislature had conferred no such express power upon him.