[L. A. No. 1427. Department Two.—June 22, 1904.]

W. D. FRENCH, Appellant, v. F. P. DAVIDSON et al., Respondents.

VACCINATION OF SCHOOL CHILDREN—CONSTITUTIONAL LAW—CASE AFFIRMED.—The act of 1899 requiring the vaccination of school children is in substantial compliance with the state constitution as to its title, operates uniformly upon a natural class of persons, is not special legislation, nor against public policy, but is within the police power of the state, and for the public good. (The case of *Abeel* v. *Clark*, 84 Cal. 226, affirmed.)

ID.—FEDERAL CONSTITUTION.—Neither the fourteenth amendment nor any other provision of the federal constitution interferes with the power of the state to prescribe regulations to promote the health and general welfare of its people.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

Dadmun & Escobar, for Appellant.

*Abeel* v. *Clark,* 84 Cal. 226, should be overruled. The act provides for general vaccination in its title, and its body is confined to school children. Its title is misleading, and does not express its object. (Const. Cal., art. IV, sec. 24; *Ex parte Liddell,* 93 Cal. 633; *Wood* v. *Election Commissioners,* 58 Cal. 561; *In re Werner,* 129 Cal. 597; *People* v. *Curry,* 130 Cal. 82; *In re Hauck,* 70 Mich. 396; *Miller* v. *Jones,* 50 Ala. 59; *Mogan* v. *State,* 81 Ala. 72; *Keefer* v. *Common Council,* 70 Mich. 413.) The act is not uniform in operation. It does not apply to all children, nor to all children attending all schools or universities. (Const., art. I, sec. 11; Cooley on Constitutional Limitations, p. 487, sec. 391; *Darcy* v. *Mayor of San Jose,* 104 Cal. 648; *Hellman* v. *Shoulters,* 114 Cal. 139.) The act is special legislation for the management of common schools, forbidden by the constitution. (Const., art. IV, sec. 25, subd. 27.) It is also a special law where a general law could be made applicable. The legislature cannot arbitrarily classify. (Const., art. IV, sec. 25, subd. 33; *Ex parte Westerfeld,* 55 Cal. 551;[1] *Pasadena* v. *Stimson,* 91 Cal. 251; *Ex parte Jentzsch,* 112 Cal. 474; *Von Harlingen* v. *Doyle,* 134 Cal. 37; Cooley on Constitutional Limitations, p. 483, sec. 391.) The act is against the public policy in reference to the schools of the state provided for in the constitution and laws. (Const., art. IX, secs. 5, 6; Pol. Code, secs. 1662, 1683; Stats. 1903, p. 388; *Ward* v. *Flood,* 48 Cal. 50;[2] *Tape* v. *Hurley,* 66 Cal. 473; *Wysinger* v. *Crookshank,* 82 Cal. 593.) The act is not mandatory upon the school board. It provides no penalty and allows discrimination. (*Jen Ho* v. *Williamson,* 103 Fed. 11-21.) The act is an abuse of police power, as applicable to cases where there is no danger of smallpox or necessity for vaccination. Classification cannot exist in the operation of police power. (*Potts* v. *Breen,* 167 Ill. 75; *Larbaugh* v. *Board,* 177 Ill. 572; *State* v. *Burdge,* 95 Wis. 390;[3]

[1] 36 Am. Rep. 47.
[2] 17 Am. Rep. 405.
[3] 60 Am. St. Rep. 123.

*Blue* v. *Beach,* 155 Ind. 121;[1] *Wong Wai* v. *Williamson,* 103 Fed. 9; *Jew Ho* v. *Williamson,* 103 Fed. 11-21; *Lawton* v. *Steele,* 152 U. S. 133; *Commonwealth* v. *Pear,* 183 Mass. 242.) The act does not operate equally upon all children, and discriminates between children attending public and other schools and those who do not attend any school, and violates the federal constitution. (Const. U. S., 14th amendment; *Jew Ho* v. *Williamson,* 103 Fed. 24.)

Cassius Carter, District Attorney, and W. R. Andrews, Deputy, for Respondents.

*Abeel* v. *Clark,* 84 Cal. 226, is conclusive of the constitutionality of the act. It has been repeatedly approved and affirmed, and its principles applied. (*Ex parte Liddell,* 93 Cal. 636; *People* v. *Superior Court,* 100 Cal. 121; *Los Angeles County* v. *Spencer,* 126 Cal. 673;[2] *Dewar's Estate,* 10 Mont. 442; *State* v. *Rotwitt,* 15 Mont. 39; *Waite* v. *Santa Cruz,* 89 Fed. 624; *Potts* v. *Breen,* 167 Ill. 67;[3] *State* v. *Burdge,* 95 Wis. 390, 402;[4] *Bissell* v. *Davison,* 65 Conn. 191; *In re Rubenack,* 62 Mo. App. 10; *Board* v. *Purse,* 101 Ga. 446;[5] *Morris* v. *Columbus,* 102 Ga. 800;[6] *Blue* v. *Beach,* 155 Ind. 121.[1]) The principles involved are enforced in the following additional authorities, and notes of Mr. Freeman in the American State Reports: *Bobel* v. *People,* 173 Ill. 19;[7] *State* v. *Ellet,* 47 Ohio St. 99;[8] *Hurst* v. *Warner,* 102 Mich. 238.[9]) The latest judicial expression on the subject of vaccination overthrows the contentions of appellant. *Commonwealth* v. *Pear,* 183 Mass. 242.) The police power of the state is not impaired by the fourteenth amendment to the federal constitution. (*Barbier* v. *Connolly,* 113 U. S. 27; *In re Kemmler,* 136 U. S. 449; *Budd* v. *New York,* 143 U. S. 517; *Brass* v. *Stoeser,* 153 U. S. 401; *Lawton* v. *Steele,* 152 U. S. 133.)

GRAY, C.—The children of plaintiff were denied admission to the public schools of the city of San Diego for the reason

---

[1] 80 Am. St. Rep. 195, and note.   [6] 66 Am. St. Rep. 243, 250.

[2] 77 Am. St. Rep. 217.   [7] 64 Am. Rep. 106, and note.

[3] 59 Am. St. Rep. 262.   [8] 21 Am. St. Rep. 781, and note.

[4] 60 Am. St. Rep. 123.   [9] 47 Am. St. Rep. 546, and note.

[5] 65 Am. St. Rep. 312 (and note), 330.

that they had not been vaccinated. The plaintiff seeks a writ of mandate to compel the admission of his children to the said schools without being so vaccinated. The writ was denied and the plaintiff appeals.

As the case involves nothing but the constitutionality of the "Act to encourage, and provide for a general vaccination in the state of California" (Stats. 1889, p. 32), and as this question has already been settled in a well-considered case by this court, the plaintiff's appeal from the judgment herein may be briefly disposed of.

The appellant urges that the act is unconstitutional for the following reasons: 1. The title to the act is misleading, and therefore void; 2. It is not uniform in operation; 3. It is special legislation; 4. Against public policy; 5. In derogation of the constitution and laws of the United States, or, in other words, against the fourteenth amendment.

All these points except the last are taken up and fully disposed of in *Abeel* v. *Clark*, 84 Cal. 226. The title to the act is there shown to be in substantial compliance with the requirements of the constitution, and many authorities are cited illustrating its sufficiency. The uniform operation of the act upon a natural class of persons—to wit, school children—is asserted, and its compliance with the constitution in that behalf is declared. That the Vaccination Act comes within the police power of the legislature of the state, and that it is for the public good, is clearly maintained by the opinion. It is also shown that the act in no way impairs any constitutional provision against special legislation. Upon the questions treated of in that decision, little need be here added. Its soundness has never been questioned, so far as we are able to ascertain. The case has been frequently cited and the principle of it approved both in this and other states. As showing the requirement of the vaccination of children attending the public schools to be a proper exercise of the police power of the state, it is cited with approval in the following cases: *Bissell* v. *Davison*, 65 Conn. 191; *In re Rubenack*, 62 Mo. App. 10.

The act applies equally to all children of school age desiring to attend the common schools, and is uniform as to all of them so far as the requirements of vaccination is concerned. Section 5 of the act requiring a report to the state board of

health of the number between the ages of five and seventeen who are vaccinated has nothing to do with the controversy before us, and need not be here construed.

The legislature no doubt was of the opinion that the proper place to commence in the attempt to prevent the spread of contagion was among the young, where they were kept together in considerable numbers in the same room for long hours each day. It needs no argument to show that, when it comes to preventing the spread of contagious diseases, children attending school occupy a natural class by themselves, more liable to contagion, perhaps, than any other class that we can think of. This effort to prevent the spread of contagion in a direction where it might do the most good was for the benefit and protection of all the people, and there is in it no element of class legislation. It in no way interferes with the right of the child to attend school, provided the child complies with its provisions. Police regulations generally interfere with the liberty of the citizen in one sense. To arrest a man for a breach of the peace is an interference with his liberty. It is no valid objection to a police regulation that it prevents a person from doing something that he wants to do or that he might do if it were not for the regulation. When we have determined that the act is within the police power of the state, nothing further need be said. The rest is to be left to the discretion of the law-making power. It is for that power to say whether vaccination shall be had as to all school children who have not been vaccinated all the time, or whether it shall be resorted to only when smallpox is more than ordinarily prevalent and dangerous. (*Bissell* v. *Davison,* 65 Conn. 191.)

Nor does the fourteenth amendment, or any other part of the federal constitution, interfere with the power of the state to prescribe regulations to promote the health and general welfare of the people. "Special burdens are often necessary for general benefits." "Class legislation, discriminating against some, and favoring others, is prohibited, but legislation which, in carrying out a public purpose is limited in its application, if within the sphere of its operation it affects all persons similarly situated, is not within the amendment." (*Barbier* v. *Connolly,* 113 U. S. 27.)

We advise that the judgment be affirmed.

Smith, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.