[Civ. No. 813.   First Appellate District.—May 30, 1910.]

STATE BOARD OF HEALTH OF THE STATE OF CAL-IFORNIA, Appellant, v. THE BOARD OF TRUSTEES OF WATSONVILLE SCHOOL DISTRICT OF SANTA CRUZ COUNTY, CALIFORNIA, and JAMES A. HALL, CHARLES H. RODGERS, and EDWARD A. HALL, as Trustees of Said Watsonville School District, etc., Respondents.

Petition for Writ of Mandate—Refusal of School Trustees to Exclude Unvaccinated Children — Judgment upon Demurrer — Review upon Appeal.—Upon a petition in the superior court by the state board of health to compel the board of trustees of the school district, defendant, to exclude unvaccinated children therefrom, which they had refused to do as required by the general vaccination act of February 20, 1889 (Stats. 1889, p. 23), where judgment was rendered for defendants upon demurrer to the petition, and directing a dismissal thereof, the petition must be taken as true for the purpose of decision upon appeal, and the judgment must be reversed with direction to overrule the demurrer thereto.

Id.—Constitutionality of Vaccination Act—Police Power for Public Health—Judgment of Legislature.—The general vaccination act of February 20, 1889, is constitutional.   The legislature is necessarily the judge as to legislation under the police power for the public health, and to prevent the spread of contagious diseases, and provide the means used to prevent such spread and the diseases regarded as contagious.

Id.—Limitation upon Power of Courts.—The discretion vested in the legislature within the scope of its power cannot be controlled by the courts, if not plainly abused.   Its acts are the acts of the people, and if an act is oppressive or unjust, the remedy is with the people through the legislature.   It is not for the courts to inter-

fere, or in any way set up their judgment against that of the legislature as to general police powers of the state.

ID.—VACCINATION ACT MANDATORY.—The general vaccination act is not directory, but mandatory, upon the trustees of all school districts and the boards of common school government in all cities and towns to exclude from the benefits of the common or public schools therein all unvaccinated children.

ID.—VACCINATION ACT NOT REPEALED BY COMPULSORY EDUCATION ACT. The vaccination act of 1889 is not repealed or affected by the compulsory education act of 1905 (Stats. 1905, p. 388). There is no inconsistency between these acts, and repeals by implication are not favored. While parents must send their children to school under the latter act, if they desire to send them to the common schools, they must comply with the former act, which continues to apply to all common or public schools, and is not in any way modified or superseded by the latter act.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

J. E. Gardner, for Appellant.

James A. Hall, for Respondents.

COOPER, P. J.—This case comes here on appeal from a judgment of the superior court of Santa Cruz county, sustaining the demurrer of the defendants to plaintiff's petition for a writ of mandate, and directing the entry of judgment for the defendants, and that the plaintiff's petition herein be dismissed.

The plaintiff is the state board of health, and the defendants are the trustees of Watsonville School District. The petition must be taken as true for the purposes of this decision. It appears therefrom that the petitioner has demanded, and that the defendants as such trustees have at all times refused, and now refuse, to exclude from the benefit of the common schools of said district all unvaccinated children residing therein. It is claimed to be the duty of defendants, as trustees, by virtue of their office, to exclude from said school all school children who have not been vaccinated, under an act of the legislature entitled "An act to encourage

and provide for general vaccination in the State of California," approved February 20, 1889 (Stats. 1889, p. 32).

It is contended by the said school trustees that the said act is unconstitutional and void, for the reason that it is an abuse of the police power of the state.

We have no doubt as to the constitutionality of the act. The legislature must necessarily be the judge as to legislation under the police power for the public health and for the purpose of preventing the spread of contagious diseases, the means used to prevent such spread, and the diseases regarded as contagious. It is invested with a large discretion within the scope of its powers, which discretion cannot be controlled by the courts except in cases where such discretion has been plainly abused. Its acts are the acts of the people; and as the legislature is selected by the people for the purpose of enacting legislation, if an act is oppressive and unjust, the remedy is with the people through the legislature. It is not for the courts to interfere, or in any way to set up their judgment against that of the legislature, as to the general police powers of the state. It is sufficient for the purposes of this decision that the act has been held constitutional in *Abbel* v. *Clark*, 84 Cal. 227, [24 Pac. 383], and in *French* v. *Davidson*, 143 Cal. 659, [77 Pac. 663].

The statute is not directory but mandatory. It provides: "The trustees of the several common school districts in this state and boards of common school government in the several cities and towns are directed to exclude from the benefits of the common schools therein any child or any person who has not been vaccinated, until such time when such child or person shall be successfully vaccinated. . . ." It is the plain duty of the trustees, and they are directed by the express terms of the statute, to exclude from the public schools any child or person who has not been vaccinated. Until the child has been vaccinated he must be excluded from the schools. If the trustees could use their discretion, and of their own will at times exclude and at other times admit to the schools children who have not been vaccinated, or if the trustees could exclude some children and admit others, the law would be uncertain and of little value. It was never the intention under the terms of the act that the board of trustees should possess such discretion. By its terms all are to be excluded,

and the exclusion is to continue as to all until they have complied with the law. The duty devolves upon defendants by virtue of their office to exclude such children. They must obey and not question the law. They are not compelled to hold their respective offices as such trustees; but while in office it is their duty, and the duty of each and every one of them, to see that the law is enforced, and this whether the law is popular or unpopular, or whether they believe in the vaccination of children or otherwise. The law having been passed by the people, it is the duty of the trustees and of all persons to obey it until it is repealed.

The act was not repealed by the subsequent compulsory education act (Stats. 1905, p. 388). The latter act is not inconsistent with the former. Repeals by implication are not favored. The parents of children are compelled to send them to school under the latter act, but they must comply with the law as to having them vaccinated in case they desire to avail themselves of the privilege of sending them to the common school. There is nothing in the latter act to show that it was intended to supersede or do away with or in any way modify the previous act.

The judgment is reversed, and the court below directed to overrule the demurrer.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 25, 1910.