[*Civ.* No. 1972.    Second Appellate District.—February 18, 1918.]

## CALIFORNIA TROJAN POWDER COMPANY (a Corporation), Appellant, v. LEIGH GARNSEY et al., Respondents.

PUBLIC WORK—TITLE OF ACT OF 1897—CLAIMS INCLUDED.—The act entitled "An act to secure the payment of claims of materialmen, mechanics, or laborers, employed by contractors upon state, municipal, or other public work" (Stats. 1897, p. 202), is not, under section 24 of article IV of the constitution, so limited in its title as not to cover the claims of persons employed by other than the principal contractor, and such title includes claims for materials furnished to subcontractors.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Ervin S. Best, Isidore B. Dockweiler, and Thomas A. J. Dockweiler, for Appellant.

Scarborough & Bowen, for Respondents.

CONREY, P. J.—This is an appeal by the plaintiff from a judgment dismissing the plaintiff's action as to the defendants Leigh G. Garnsey and Globe Indemnity Company upon plaintiff's refusal to amend its complaint after an order sustaining the demurrer thereto of those defendants. The plaintiff furnished materials to a subcontractor, whose contract was with the defendant Garnsey. Garnsey was the

contractor in the principal contract, which was made between him and the state of California for the construction and completion of a portion of the state highway in Ventura County. The materials furnished by the plaintiff were used by the subcontractor upon a part of the work included in the principal contract. On obtaining his contract with the state, Garnsey, together with defendant Globe Indemnity Company, executed a bond for the purpose and in the terms required by an act of the legislature of the state of California, entitled "An act to secure the payment of claims of materialmen, mechanics, or laborers, employed by contractors upon state, municipal, or other public work," and an act amendatory thereof. (Stats. 1897, p. 202, and Stats. 1911, p. 1422.) If under the statute as in force during the year 1914, when the contract and undertaking were made, such an undertaking covered the matter of payment for materials furnished to a subcontractor to be used and which were used in the performance of the work described in the principal contract, then the complaint stated a cause of action against the defendants who executed that undertaking. In the case of *Associated Oil Co.* v. *Commary-Peterson Co.*, 32 Cal. App. 582, [163 Pac. 702], the facts were similar to the case at bar and the same question was presented. It was there held that the statute in question is not confined to the engagements of the contractor. "It was manifestly intended to cover all labor and all material contributing to the improvement, whether furnished directly to the contractor or indirectly through a subcontractor." In the absence of any controlling decision in this state, the court discussed a number of decisions rendered in other jurisdictions. A petition for a rehearing of that cause in the supreme court was denied.

Notwithstanding the authority of the decision mentioned above, counsel for respondents insist that a different ruling should be made, their argument being based upon a point not suggested in the former case. They admit that the language of the statute, exclusive of its title, is broad enough to include the claim of the plaintiff; but they say that the title thereof (which we have quoted *supra*), is so limited that the statute does not cover the claims of any persons except those employed by the principal contractor. In support of this contention they rely upon article IV, section 24, of the constitution of this state.

"Recognizing the mandatory effect of the provision regarding the substance of the titles given legislative acts, the decisions have construed that provision in various cases. It has been said that the purpose of requiring the title to express the subject of the act was that legislators themselves, as well as the public might not be deceived by false, misleading, or deceitful titles, and so permit mischievous legislation to be unwittingly enacted. A liberal rule of construction has been adopted, however, in the interest of protecting meritorious legislation from being declared void through inartificially constructed titles. 'The main object of this provision is to prevent legislators and the public from being entrapped by misleading titles to bills whereby legislation relating to one subject might be obtained under the title of another. . . . It seems to be well settled that it is not necessary that the title of an act should embrace an abstract or catalogue of its contents.' (*Abeel* v. *Clark*, 84 Cal. 226, [24 Pac. 383].) Where the body of an act embraces provisions which are germane to the general subject stated in its title, the title will be held sufficient to comprehend all of the provisions of the act itself; and where the title suggests to the mind the field of legislation which the text of the act includes, the title will not be held misleading or insufficient, or the act restricted in its operation." (*People* v. *Jordan*, 172 Cal. 391, 394, [156 Pac. 451, 453].) Applying the principles above stated, it appears clear to us that the provisions contained in the text of the statute here under consideration do not extend beyond the field of legislation naturally suggested to the mind by the words "materialmen . . . employed by contractors upon state, municipal, or other public work." It is our opinion that the complaint stated a cause of action.

The judgment is reversed.

James, J., and Works, J., *pro tem.*, concurred.