[Crim. No. 654. Second Appellate District, Division One.—March 12, 1919.]

## In the Matter of the Application of GRACE JOHNSON for a Writ of Habeas Corpus.

[1] POLICE POWER—HEALTH REGULATION—DISCRETION OF LEGISLATURE. The adoption of measures for the protection of the public health is a valid exercise of the police power of the state as to which the legislature is necessarily vested with large discretion not only in determining what are contagious and infectious diseases, but also in adopting means for preventing the spread thereof.

[2] ID.—AFFLICTION WITH CONTAGIOUS DISEASE—ISOLATION.—The isolation of one afflicted with a contagious or infectious disease is a rea-

sonable and proper measure to prevent the increase and spread thereof.

[3] ID.—ABUSE OF AUTHORITY DELEGATED—QUARANTINE.—The fact that the authority delegated to those charged with the duty of enforcing the law may, in a given case, be abused, is no legal reason for denying the power to quarantine summarily in a case where grounds therefor concededly exist.

[4] EVIDENCE — COMMUNICABILITY OF DISEASE — JUDICIAL NOTICE.—The courts may not take judicial notice that gonococcus infection is noncommunicable except by actual contact.

[5] POLICE POWER — QUARANTINE REGULATIONS—JUDICIAL DETERMINATION OF INFECTION UNNECESSARY.—It is not necessary that it be first judicially established by some proceeding in court that a person is afflicted with a contagious disease before that person can be subjected to quarantine regulations.

APPLICATION for a Writ of Habeas Corpus, originally made to the Supreme Court, the writ being issued made returnable to the District Court of Appeal. Petitioner remanded to custody.

The facts are stated in the opinion of the court.

Paul W. Schenck for Petitioner.

Erwin W. Widney, City Prosecutor, and W. K. Crawford, Deputy City Prosecutor, for Respondent.

Kemper B. Campbell, *Amicus Curiae.*

SHAW, J.—Upon petitioner's application therefor, the supreme court issued a writ of *habeas corpus* made returnable to this court after its denial of a similar petition.

It appears from the return to the writ and oral evidence of Dr. Bettin, who is connected with the city health department of Los Angeles, that petitioner was, on November 12, 17, and 22, 1918, with her consent, examined and found to be afflicted with gonococcus infection, and thereupon, by order of the health commissioner of the city, confined in a hospital for treatment, which, with the view of effecting a cure, was administered until December 5, 1918, at which time, upon application for a writ of *habeas corpus*, she was, by the superior court, released on bail, at the hearing of which, on

February 8, 1919, she was remanded to custody and returned to the hospital, since which time she has steadfastly refused to accept any treatment or submit to any examination. There was no showing or claim that she received treatment while absent from the hospital; nor, indeed, any evidence whatsoever offered in support of the contention that she was not now and had never been so afflicted. The testimony of Dr. Bettin is that, without treatment, the disease would continue its course and that at the present time, in her opinion, petitioner is still afflicted with said infection.

[1] The adoption of measures for the protection of the public health is universally conceded to be a valid exercise of the police power of the state, as to which the legislature is necessarily vested with large discretion not only in determining what are contagious and infectious diseases, but also in adopting means for preventing the spread thereof. (Black's Constitutional Law, sec. 108; *Holden* v. *Hardy*, 169 U. S. 392, [42 L. Ed. 780, 18 Sup. Ct. Rep. 383, see, also, Rose's U. S. Notes]; *State* v. *Somerville*, 67 Wash. 638, [122 Pac. 324]; *State Board of Health* v. *Board of Trustees*, 13 Cal. App. 514, [110 Pac. 137].) The legislature in its discretion having determined the character of the disease in question, has imposed upon the health department of the city the duty, when having knowledge that one is afflicted therewith, of taking the necessary measures to prevent its spread.

In the absence of any showing to the contrary, we must, upon the evidence before us, assume that petitioner was, when subjected to quarantine regulations, and is now, afflicted with and suffering from gonococcus infection, which, by section 2979a of the Political Code (Stats. 1917, p. 171), is, with leprosy, smallpox, typhus fever, and a number of other diseases, declared to be contagious and infectious. The sole question thus presented is the right of proper authorities to isolate and place her in quarantine. By the section of the code just cited it is made the duty of the health officer, knowing the existence of any such contagious or infectious disease, to take such measures as may be necessary to prevent the spread thereof. [2] The isolation of one afflicted with a contagious or infectious disease is a reasonable and proper, indeed the usual, measure taken to prevent the increase and spread thereof.

It appears that petitioner was originally taken into custody without a warrant and, basing his argument upon such arbitrary action, counsel draws a lurid picture of what might result from maladministration of the law by those charged with the duty of enforcing it. [3] The fact that the authority so delegated may, in a given case, be abused is no legal reason for denying the power to quarantine summarily in a case where grounds therefor concededly exist. (*Ex parte Whitley*, 144 Cal. 167, [1 Ann. Cas. 13, 77 Pac. 879] ; *Brown v. State*, 59 Wash. 195, [109 Pac. 802].) Possible maladministration of the law is no concern of petitioner, unless such administration thereof is shown to have affected her. Nor can her arrest without a warrant, after which and while being illegally held, an examination was made with her consent which disclosed the existence of the infection, avail her in this proceeding. Assuming the action of the police officer arbitrary and unjustified, she is not restrained of her liberty by reason thereof, but on account of a disease with which she was subsequently found to be afflicted, and in the ascertainment of which fact there appears to have been no arbitrary or unlawful action taken.

There is no merit in the contention that the infection with which petitioner is afflicted is noncommunicable except by actual contact, which contact in such cases must be predicated upon the assumption that an offense cognizable by law will be committed. [4] Assuming that grounds exist for petitioner's contention, no evidence tending to establish such fact has been presented and it is not a matter as to which the court may take judicial notice.

Counsel cites no authorities in support of the contention that one afflicted with a contagious disease cannot be subjected to quarantine regulations until it is first judicially established by some proceeding in court that he is so afflicted. [5] Manifestly to uphold such contention would render laws for the protection of the public health nugatory. (*State v. Superior Court*, 103 Wash. 409, [174 Pac. 973], where the matter is fully considered.) The writ no doubt was granted upon the argument that petitioner was not, and never had been, afflicted with the infection, which if true would entitle her to be discharged from custody. The return and evidence taken at the hearing conclusively establish the fact to the contrary.

In our opinion, the return and evidence taken at the hearing show a legal cause for the detention of petitioner, and she is remanded to custody.

Conrey, P. J., and James, J., concurred.