[Crim. No. 1294.   First Appellate District, Division One.—August 26,
1925.]

## In re MABEL FISHER on Habeas Corpus.

[1] PUBLIC HEALTH—AFFLICTION WITH INFECTIOUS DISEASE—ISOLA-
TION BY MUNICIPAL HEALTH OFFICER—HABEAS CORPUS.—While
section 2979a of the Political Code, which confers upon every
county or city and county health officer the right to take such
measures as may be necessary to prevent the spread of gonococcus
infection, does not in express terms confer upon him the right to
take possession or control of the body of one so afflicted, as it
does in the case of state board of health, the isolation of one
afflicted with an infectious disease is a reasonable and proper
measure to prevent the increase and spread thereof; and where
an application for a writ of *habeas corpus* shows on its face a
legal cause of detention of petitioner upon the order of a city
and county health officer, the application will be denied.

(1) 29 C. J., p. 254, n. 18, 23.

APPLICATION for a Writ of Habeas Corpus to secure
the release of petitioner from quarantine.   Denied.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and Walter F. Lynch for Petitioner.

TYLER, P. J.—Application for writ of *habeas corpus*.
It appears from the petition that on or about August 14,
1925, Dr. Wm. C. Hassler, health officer of the city and
county of San Francisco, after an examination, ordered
petitioner quarantined at the County Hospital, he having
found her to be suffering with a gonococcus infection.
[1] It is claimed that such detention is unlawful for
the reason that such officer is without authority to control
the body of petitioner, such power residing alone in the state
board of health.

1.  General delegation of power to guard against spread of con-
tagious disease as including power to quarantine, note, 8 A. L. R.
837.
Right to *habeas corpus* to test validity of quarantine, note, 2 A. L. R.
1542.   See, also, 13 Cal. Jur. 255; 13 Cal. Jur. 300; 12 R. C. L. 1290.

Section 2979a of the Political Code confers upon health officers of every county or city and county the right to take such measures as may be necessary to prevent the spread of diseases of the character of which the applicant is suffering.

While the section does not in express terms confer upon the officer in question the right to take possession or control of the body of one so afflicted as it does in the case of state board of health, the isolation of one afflicted with an infectious disease is a reasonable and proper measure to prevent the increase and spread thereof. (*In re Johnson,* 40 Cal. App. 242 [180 Pac. 644].)

The petition showing on its face a legal cause of detention, the application is denied.

Knight, J., and Cashin, J., concurred.