[Civ. No. 5398. First Appellate District, Division One.—November 20, 1925.]

RALPH C. WALLACE, Petitioner, v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (a Corporation) et al., Respondents.

[1] UNIVERSITY OF CALIFORNIA—RULE REQUIRING VACCINATION—AUTHORITY OF REGENTS.—The Regents of the University of California have authority to adopt a rule or regulation requiring every person in attendance as a student at said institution to provide satisfactory evidence that he has been successfully vaccinated against smallpox within seven years prior to his attendance or application for admission.

[2] ID. — CONSTITUTIONAL AUTHORITY OF REGENTS — ABROGATION BY LEGISLATURE.—The authority vested in the Regents of the University of California, under section 9 of article IX of the state constitution, to adopt and enforce regulations concerning health measures and to require vaccination as a prerequisite to admission of a student to the University, may be limited or abrogated by the legislature under its police power.

[3] ID.—GENERAL LAW—ABSENCE OF REGULATIVE PROVISIONS—VOID ACT.—A general law, such as the act of 1921 (Stats. 1921, p. 550), which does not itself regulate, but which merely provides that "no rule or regulation on the subject of vaccination shall be adopted by school or local health authorities," can have no application to local bodies, such as the Regents of the University of California, which derive their powers under a constitutional grant, and such general law is to that extent void.

---

(1) 11 C. J., p. 997, n. 35.   (2) 11 C. J., p. 997, n. 35.   (3) 11 C. J., p. 997, n. 35; 36 C. J., p. 1087, n. 92, p. 1091, n. 5.

1. See 25 Cal. Jur. 411.
3. See 25 Cal. Jur. 412.

APPLICATION for a Writ of Mandate to compel the admission of petitioner to the University of California. Denied.

The facts are stated in the opinion of the court.

Donovan & Lyman for Petitioner.

John U. Calkins, Jr., and Warren Olney, Jr., for Respondents.

Douglas L. Edmonds as *Amicus Curiae.*

TYLER, P. J.—Application for a peremptory writ of mandate compelling respondents to admit petitioner to enter himself as a student at large in respondent corporation.

The facts may be briefly stated as follows:

Petitioner applied to be entered in the University of California as a student at large for the term beginning on or about August 14, 1925, and to receive regular tuition therein. He had complied with all the requirements prescribed by respondents to entitle him to so enter, save and except that he refused to submit to vaccination against smallpox, or offer proof of previous vaccination, for which reason his application was denied. In their answer to the petition respondents admit that every person in attendance as a student at respondent institution was and is now required, by a rule or regulation imposed or adopted by the Regents, to provide satisfactory evidence to the authorities in charge of the University that he has been successfully vaccinated against smallpox within seven years prior to his application for admission. It is then alleged in substance that the reason for refusal of petitioner's request was due to the fact that he had not complied with the rule in question. Petitioner claims that the Regents have no authority to exact such a requirement and that the regulation is invalid and is contrary to existing general law.

[1] The sole question thus presented is whether or not the regulation of the University is one which it has power to enact. Preliminarily it may be well to briefly refer to the various acts of the legislature on the subject and the adjudications with reference to such legislation. Prior to the

year 1889 there was no law governing the situation. The legislature of that year passed an act (Stats. 1889, p. 32) requiring the vaccination of every child attending the public schools. The constitutionality of this act was assailed, but its validity was upheld by the appellate courts as being a proper exercise of the police power. (*Abell* v. *Clark*, 84 Cal. 226 [24 Pac. 383]; *French* v. *Davidson*, 143 Cal. 658 [77 Pac. 663]; *State Board of Health* v. *Board of Trustees*, 13 Cal. App. 514 [110 Pac. 137].)

In 1911 the statute of 1889 was amended so as to provide that any unvaccinated child or person might be admitted to the public schools upon the filing, by the parent or guardian of such child, of a statement in writing to the effect that such parent or guardian was conscientiously opposed to the practice of vaccination and would not consent thereto (Stats. 1911, p. 295).

This act further provided that whenever the state board of health should, after a thorough investigation, find that smallpox existed in any school district or city, all children or persons who had not been successfully vaccinated within seven years then last past should be excluded forthwith and continuously from admission to or attendance upon the benefits of or service in connection with any and all schools, colleges, universities, academies, and other educational institutions situated in such school district, city, town, or city and county until such children were successfully vaccinated or until such time as such smallpox should cease to exist.

While this act was in full force and effect application was made as here by a minor through his guardian to be enrolled at the University. The rule requiring vaccination was then in force. The applicant presented his statement showing that his parents were conscientiously opposed to vaccination. He was refused admission and brought a proceeding in *mandamus* to compel such admission. It was his contention that having complied with all the requirements as set forth in the statute of 1911 prescribing the conditions with respect to vaccination to be complied with for admission as a student, he was entitled to enrollment. He was denied the relief prayed for (*Williams* v. *Wheeler*, 23 Cal. App. 619 [138 Pac. 937]). It was there held that the provision of the act of 1911 (Stats. 1911, p. 295) exempting persons who were conscientiously opposed to the practice of vaccina-

tion from the operation of the law, otherwise general in its terms, requiring vaccination of persons seeking admission to educational institutions, was not in the nature of a health regulation; and not being so, it was not such a proviso as comes within the general police powers with which the legislature is invested. It was accordingly further held that it could not be availed of by those seeking enrollment in the University of California, to nullify the effect of the rule of the Regents of the University that every person in attendance as a student, or applying for enrollment as such, shall produce evidence satisfactory to the authorities thereof that he has been successfully vaccinated within seven years prior to such attendance or application or else be vaccinated.

It was also held that by section 9 of article IX of the state constitution the University of California was raised to the dignity of a constitutional department or function of the state government, with the investment of power and discretion in the management of its affairs, including the power to make all reasonable rules and regulations as might tend to prevent the introduction and spread of contagious disorders amongst the student body; and that a rule requiring vaccination as a prerequisite to the admission of a student was, in the absence of legislation lawfully limiting the exercise of that power, a reasonable one. In 1921 the legislature repealed the 1911 statute (Stats. 1921, p. 550). Section 1 of the new act reads as follows:

"The control of smallpox shall be under the direction of the State Board of Health and no rule or regulation on the subject of vaccination shall be adopted by school or local health authorities."

Section 2 of the act repealed the only act of the legislature then in effect dealing with the subject of vaccination.

It is petitioner's contention that by reason of this change in the law it was the intention of the legislature to take away from all schools and local health authorities the power to make rules or regulations on the subject of vaccination, in consequence of whch the University authorities have no power to deny petitioner the privilege he seeks by reason of a rule they have no power to exact or maintain.

Respondents, on the other hand, insist that the word "school" as employed in the act is not used in its generic sense, but rather is limited to institutions of lesser academic

requirements than colleges or universities. They also claim that the phrase "local health authorities" has a limited meaning and refers to subordinate health boards and health districts of the state. The further claim is advanced that even assuming that the Regents of the University may be said to come within the prohibition of the statute, the act, in so far as respondents are concerned, is unconstitutional and void.

As we are of the opinion that they are correct in this contention, a decision upon the proper construction to be given to the word "school" or the phrase "local authorities" would answer no useful purpose. As above pointed out, the Board of Regents of the University had, at the time the rule in question was promulgated, power to adopt and enforce regulations concerning health measures and to require vaccination as a prerequisite to the admission of a student to the University, as at that time there was an absence of legislation lawfully limiting the exercise of that power.

[2] There is no question but that the legislature may under its police power limit or abrogate this right, and, in fact, respondents do not claim otherwise, for they concede that the power vested under the constitution in the Regents is not so broad as to destroy or limit the general power of the legislature to enact laws for the general welfare of the public, including laws regulating the subject of vaccination, even though it might incidentally affect the University of California, as such a law would be paramount as against a rule of the Regents in conflict therewith.

They do claim, however, that no such law exists, as neither the legislature nor the board of health under its grant of power has attempted to pass any law or rule which in any manner contravenes the Regents' regulation in reference to the matter since the passage of the act of 1921.

The present law does not itself attempt to regulate the subject, but it merely delegates to the Board in question certain powers. Whatever rights this body may have under this grant of power is a matter with which we are not here concerned, for it has made no attempt to exercise any power whatsoever. The legislative declaration that no rule or regulation shall be adopted by school or local health authorities is not a regulation, nor, in fact, is it a health law, but rather, under the circumstances, it is one in effect which

forbids or prevents the adoption of a health measure, at least until such time as a rule or regulation on the subject has been adopted in conformity with the provisions of the act.

[3] In so far as the act may be considered as a prohibition or limitation upon the constitutional power of the University to pass health laws, it is clearly void. The legislature cannot, by this character of a general law, take away or impair the power so granted. In order to accomplish this result it must itself regulate the subject by appropriate legislation. A general law which does not itself regulate, but which merely provides, as here, that there shall be no local regulation, can have no proper application to local bodies deriving their powers under a constitutional grant, as such law amounts to no more than a legislative attempt to nullify such constitutional grant, and it is to that extent invalid.

This precise question has been considered and passed upon in the comparatively recent case of *Ex parte Daniels,* 183 Cal. 636 [21 A. L. R. 1172, 192 Pac. 442].

It is there held that an act of the legislature, general in its terms, prohibiting local legislative bodies, acting under a constitutional grant, from enacting local, police, sanitary, or other regulations, while in a sense a general law, is a legislative attempt to nullify a constitutional grant to the local bodies politic and, therefore, to that exent invalid. (See, also, *In re Murphy,* 190 Cal. 286 [212 Pac. 30]; *In re Mingo,* 190 Cal. 771 [214 Pac. 850].)

In our opinion these authorities are decisive upon the question. Further consideration of the subject is therefore unnecessary.

The writ is denied.

Knight, J., and Cashin, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1926.

Cashin, J., *pro tem.,* did not participate.